Mrs. August F. Adelhelm, also known as Lenea Stromberg, *et vir,* and August F. Adelhelm, individually, v. Jeanie W. Dougherty, a widow.

176 So. 775.
Division A.
Opinion Filed October 27, 1937.

*Elmore Cohen* and *George B. Mehlman,* for Plaintiffs in Error;

*M. D. Carmichael* and *Charles Britton Fulton,* for Defendant in Error.

BUFORD, J.—The writ of error in this case brings for review judgment in favor of the plaintiff in a suit to recover damages for an alleged unlawful entry upon and wrongful eviction of the plaintiff from such premises occupied by the plaintiff.

Plaintiffs in error present four questions, as follows:

"1. Should the lower court have granted the motion made by Plaintiffs in Error for directed verdict as to the first three counts of the Amended Declaration where the evidence showed that the Deputy Sheriff acting in the capacity of same evicted the tenant by virtue of a warrant for possession which ordered the Sheriff to reinstate the owner, and that the Deputy Sheriff was not acting as agent of the owner?"

"2. Should the lower court have instructed the jury that the Sheriff or Deputy Sheriff had no right after the judg-

ment was vacated to oust the tenant from the possession of the property, and if the Deputy Sheriff went out there after the judgment was vacated and undertook to oust the tenant he was there through no lawful authority or process of Court?"

"3. Should the lower court have granted the motion for new trial where the evidence of the plaintiffs in error sustained their plea that the defendant in error was not in lawful possession of the property as lessee, and where the evidence further showed that the tenant was evicted on a warrant for possession obtained by the owner after a judgment for default was entered against the said tenant?"

"4. Was the evidence sufficient to sustain the verdict, particularly, as to punitive damages?"

The record shows that August F. Adelhelm filed his petition for removal of tenant against Jeanie W. Dougherty, a widow. Service was had upon Mrs. Dougherty; she failed to file motion to quash the summons or affidavit denying the petition or other pleading. On February 7th, 1936, default and final judgment was entered. On the same date the Clerk of the Court issued a warrant for possession. The warrant was returned showing on its face that it was executed on February 7th, 1936, by putting the plaintiff, August F. Adelhelm, in possession of the premises. It is conclusively shown by the record, however, that this was not done; that in truth and in fact, the Deputy Sheriff to whom the warrant was delivered exhibited the same to Mrs. Dougherty, but she was not then in position to move conveniently, so he did not execute the warrant by evicting her from the premises.

On the following day and during the same term of the court on petition of attorneys for defendant, the court entered an order setting aside the default and the judgment.

Mrs. Adelhelm, wife of August Adelhelm, is an attorney at law and the record shows that she was advised on the same date that the order vacating the default and the judgment was entered that same had been entered and that she went to the Sheriff's office and informed the Sheriff that an order had issued to set aside the judgment in that cause. She also went to the Clerk of the County Court where the judgment had been entered and vacated and was informed by the Deputy Clerk that the order vacating and setting aside the default and judgment had been issued, but that no restraining order had been issued. She then went back to the Sheriff's office and insisted that she was entitled to possession of the house, although the default and judgment had been vacated and set aside. At her request, the Sheriff sent a Deputy with her to get the key to the house and turn it over to her. When she and the Deputy arrived at the house they found Mrs. Dougherty very much upset and so Mrs. Adelhelm agreed that Mrs. Dougherty could stay in the house until the next day at six o'clock. The next day Mr. and Mrs. Adelhelm drove to the house of Deputy Sheriff Motter, picked him up and went to the house occupied by Mrs. Dougherty. They found no one at home. The house was locked with new locks. The personal possessions of Mrs. Dougherty and her daughter were still in the house. They procured a locksmith, opened the door and began moving the personal effects of Mrs. Dougherty from the house into a garage adjoining the rear of the house. While this was going on the Doughertys arrived and were told in effect they could get their things out of the garage and get out. The Doughertys collected their possessions in their car and drove away without any personal encounter.

The record shows that Mrs. Dougherty and her daughter left the house between eleven and twelve o'clock Satur-

day night and searched for a place to spend the night. By reason of being put out of the house she and her daughter were subjected to being out in a severe rain on the following Sunday and Sunday night. Mrs. Dougherty's daughter was suffering with an infection of streptococci, which fact the record shows was known to Mrs. Adelhelm. Mrs. Dougherty sued Mrs. August F. Adelhelm, joined by her husband, August F. Adelhelm, and August F. Adelhelm, individually, in this action in trespass in the Circuit Court of Palm Beach County. She recovered judgment and the writ of error is from that judgment.

It seems to us that the statement of the case answers the questions propounded. Certainly, there was sufficient evidence to go to a jury and, therefore, there was no error in the court refusing to grant motion for directed verdict.

It is elementary that no person has the right to forcibly enter premises in the possession of and occupied by another, whether the person occupying the premises happens to be in the premises or absent therefrom at the time. The law provides an adequate and speedy remedy for the acquisition of possession of premises which are wrongfully held by another and in this case the defendants in the court below had no more right to enter the premises by procuring keys to the locks placed thereon by the occupant than they would have had without having filed any proceeding to acquire possession of the property because the judgment awarding them possession had been cancelled and set aside, which had the effect of leaving the case in the same position and the parties in the same position that they were before judgment was entered. 34 C. J. 385, Sec. 595.

It is contended that Motter was not acting as agent for the Adelhelms when he procured keys and entered the building. It is shown that he was not armed with any

process from any court, that he was not acting under the direction of, or authority of, the Sheriff of Palm Beach County and there is ample evidence to support the theory that he was acting only at the direction of and in compliance with the request of the Adelhelms.

Motter, as is shown by the record, acted for and on behalf of the Adelhelms in their presence and at their specific direction and that he was not then armed with any process authorizing him to act by order of court; that when he so acted, a judgment upon which process had been issued had been vacated and set aside and the Adelhelms, then present and directing him, were fully advised of that status of the case.

The contention that the judgment was vacated without authority of law could avail nothing. The order was made by the court which entered the judgment at the same Term thereof and as long as it stood upon the record, it was binding upon all parties and no party to the suit having knowledge of the judgment having been vacated had any right to proceed upon the theory that the judgment was still in force and effect, regardless of the order vacating same.

It is contended also that the court committed error in not charging the jury in regard to agency. There was hardly any necessity for the charge which the plaintiffs in error contended for because, as heretofore stated, Motter was acting for and on behalf of defendants, at their request and in their presence and completed the acts which they requested him to perform. It is well settled that where one gratuitously promises to act for another and enters upon the performance of the undertaking he is bound to complete the performance according to his promise, notwithstanding the lack of consideration, and if the promise has been excused in pursuance of the authority conferred, it is imma-

686 ·

terial whether or not there was any consideration for the agent's undertaking. See 2 C. J. 422, Sec. 27; and authorities there cited. Motter was not acting under implied agency, but under an express agency.

The rule is further that if a party wishes to avail himself of the omission of the court to charge the jury at any point in the case he must ask the court to give the instruction desired; otherwise he will not be permitted to assign the omission as error. Cross v. State, 73 Fla. 530, 74 Sou. 593.

It is further contended that the judgment was so excessive that it should be set aside and a new trial awarded.

We do not agree with this contention, but hold that there is substantial evidence to support the verdict and judgment. The Circuit Judge declined to interfere with the finding of jury in this regard and it has not been made to appear that the Appellate Court should not affirm his judgment.

For the reasons stated, the judgment should be, and is, affirmed.

So ordered.

ELLIS C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.