WIGGINTON, Judge.
Plaintiff has appealed a final judgment rendered in a case tried by the court without a jury in which damages were awarded him for the wrongful breach by defendants of a lease on a commercial building in Jacksonville. He contends that the court erred in sustaining defendants’ objection to proof of damages suffered by him which resulted in an inadequate award.
Plaintiff entered into a five-year written lease with the defendants of a commercial building to be used as a restaurant and dance hall for which the agreed rental was the sum of $225.00 a month. Plaintiff expended substantial sums of money in remodeling and repairing the building and purchasing trade fixtures and decorations. After plaintiff had been operating his business for a period of ten weeks, de *860 fendants wrongfully breached the lease by evicting plaintiff from the leased premises. As a result of such eviction, this action was commenced by which plaintiff seeks to recover the value of his leasehold estate together with loss of profits resulting from the breach.
After the pleadings were settled, but before trial, plaintiff moved for and was granted a partial summary judgment in which the court found that defendants had breached their lease with plaintiff by evicting him from the leased premises, as a consequence of which plaintiff had suffered damages which would be determined at a later hearing.
At the trial plaintiff called as a witness in his behalf an expert real estate broker who after being qualified was asked whether he had an opinion as to the market value of the lease held and owned by plaintiff at the time of its breach by defendants. The court sustained defendants’ objection to the foregoing inquiry on the announced ground that the amount of rent agreed upon by the parties as expressed in the lease represented its market value and no other evidence would be received on this issue. The effect of the trial court’s ruling was that the fair market value of the lease is conclusively established by the amount of rental agreed upon by the parties and may not be varied by independent evidence to the contrary. Plaintiff then proffered into the record testimony by his expert that the fair market value of the lease at the time of its breach was the sum of $350.00 a month, which proffer was denied by the court. By this proof plaintiff sought to establish his damages to be the difference between the sum of $350.00 a month testified to by his witness and the sum of $225.-00 monthly rental agreed to be paid by the terms of the lease. Such difference of $125.00 a month projected over the remaining fifty-seven months unexpired term of the lease would result in a loss of $7,125.00. In rejecting the proffered evidence submitted by plaintiff, the trial court committed prejudicial and reversible error.
In the early case of Moses v. Autuono [1] the Supreme Court defined the proper rule of law to be applied in fixing damages for breach of a lease of lands and tenements as follows:
“ * * * In general, the measure of damages is the difference between the stipulated rent and the value of the use of the premises. Under special circumstances warranting it, damages may also be recovered for losses that are the natural, direct, and necessary consequences of the breach when they are capable of being estimated by reliable data, and are such as should reasonably have been contemplated by the parties. * * * ”
The foregoing rule of law was subsequently followed by the Third District Court of Appeal in the case of Ardell v. Milner [2] when it held:
“As to the damages, in the event of unlawful eviction, the lessee is entitled to recover general damages which would be the difference between the market value of the lease held and the rent payable under it, and for loss of profits provided these losses can be ascertained with a reasonable degree of certainty. See: Young v. Cobbs, Fla.1955, 83 So.2d 417; 20 Fla.Jur., Landlord and Tenant, §§ 48, 49.”
The author, of Florida Jurisprudence, in discussing the damages to which a lessee is entitled for being wrongfully evicted from premises leased by him, says:
“Where a tenant is wrongfully evicted by his landlord, or by persons for whose acts the landlord is responsible, he may maintain therefor an action of tort against his landlord and may recover as *861 general damages the actual or rental value of the unexpired term less the rent reserved, this being the usual measure of the compensation to which he is entitled for the loss resulting to him as a consequence of wrongful eviction, and in addition thereto, compensation for loss resulting from injury to his business.”[3]
Appellees argue that the proof adduced at the trial affirmatively establishes that it was appellant who breached the terms of the lease by subletting a portion of the premises to another person for the operation of the restaurant business without the written consent of appellees as required by the terms of the lease. They assert that under these circumstances appellant is not entitled to any damages for having been evicted from the premises and therefore cannot complain that the award to him made by the trial court is inadequate. The fallacy of appellees’ argument lies in the fact that prior to trial a partial summary judgment was rendered in favor of appellant in which the court found that it was appellees who wrongfully breached the lease and evicted appellant from the premises, thereby entitling him to such damages as he might be able to establish at the trial. No appeal from this summary final judgment on the issue of liability was taken by appellees nor have they cross-assigned such judgment as error on this appeal. Under the circumstances appellees are not in position to urge the point on which they rely for an affirmance.
For the foregoing reasons the judgment appealed is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed.
JOHNSON, C. J., and RAWLS, J., concur.

. Moses v. Autuono, 56 Fla. 499, 47 So. 925, 927.

. Ardell v. Milner (Fla.App.1964), 166 So.2d 714, 716.

. 20 Fla.Jur. 323, Landlord and Tenant, § 48.