310 So.2d 352 (1975)
F.A. CONNER, Appellant,
v.
ATLAS AIRCRAFT CORPORATION, a Florida Corporation, Appellee.
No. 74-825.
District Court of Appeal of Florida, Third District.
March 11, 1975.
Rehearing Denied April 21, 1975.
*353 Nicholson, Howard, Brawner & Lovett, Miami, for appellant.
Aronovitz & Weksler, Preddy, Haddad, Kutner & Hardy, Miami, for appellee.
Before PEARSON and NATHAN, JJ. and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by the defendant, F.A. Conner, from a final judgment entered pursuant to a jury verdict awarding the plaintiff compensatory and punitive damages in an action for wanton and willful breach of an oral lease.
The facts are lengthy, but will be set out as succinctly as possible. The plaintiff, Atlas Aircraft Corporation, an aircraft parts dealer, purchased the inventory of Aaxico-Seminole, Inc., in June of 1972. The said inventory was located in building no. 1007 at Miami International Airport, which was leased to Aaxico. Aaxico agreed orally to give Atlas until September 30, 1972, to inventory and move the merchandise out of the building. Atlas began the inventory process. On August 1, 1972, Aaxico subleased building 1007 to the defendant, Conner, who refused to recognize the oral agreement between Atlas and Aaxico with reference to the date of vacation of the premises and to the amount of rent payable until the merchandise was finally removed. Conner's attorney sent letters to Atlas advising that the premises must be vacated no later than August 15, then August 30, in addition to which the amount of rent for the month of August had been raised to $3,500, as opposed to the $600 previously agreed upon between Aaxico and Atlas. On August 18, 1972, Conner instructed his employees to place a chain around the parking lot of building 1007, three or four feet off the ground, surrounding the trucks rented by plaintiff for removal of the merchandise. Later that afternoon, the attorneys for Conner and Atlas reached an agreement, the chain was removed and Atlas arranged to move everything in bulk without the benefit of inventorying and organizing the merchandise first. The plaintiff then proceeded to file the instant lawsuit alleging inter alia that by chaining the building, Conner acted maliciously and with the intent to oppress and interfere with plaintiff's business and that such act was committed with the intent, design and purpose to injure Atlas. The jury returned a verdict in favor of the plaintiff, awarding compensatory and punitive damages, and this appeal ensued.
The defendant presents three points on appeal, but only one is deemed to be sufficiently meritorious to warrant discussion, to-wit: that the judgment with reference to compensatory damages is not supported by the evidence particularly as to lost profit and other elements of damage. We have examined the record with great care to determine whether or not there is sufficient evidence to support the award of compensatory damages, and we reviewed the testimony of several witnesses as to damages. The evidence must be viewed in a light most favorable to the jury verdict. The jury's finding will not be disturbed in the absence of a clear showing that the trial court committed error or that the evidence *354 demonstrates that the conclusions reached are erroneous. Brainard v. Poole, Fla.App. 1968, 214 So.2d 510.
As in the case sub judice, where a tenant has been wrongfully evicted by his landlord, he may recover general damages and in addition thereto, compensation for loss resulting from injury to his business including loss of profits. Young v. Cobbs, Fla. 1955, 83 So.2d 417; Ardell v. Milner, Fla.App. 1964, 166 So.2d 714; Tolin v. Pearce-Simpson, Inc., Fla.App. 1966, 186 So.2d 65; McCone v. Adams, Fla.App. 1970, 239 So.2d 859.
The guidelines for establishing lost profits of an established business, such as that of the appellee, Atlas, were set out in the landmark case of Twyman v. Roell, 1936, 123 Fla. 2, 166 So. 215. Such damages are recoverable if the loss of prospective profits is the natural result of the wrong and the amount can be established with reasonable certainty. The standard for the degree of certainty requires that the mind of a prudent impartial person be satisfied with the damages. If the proximate estimates of witnesses lead to a satisfying conclusion, damages may be awarded accordingly. However, uncertainty as to the amount of damages or difficulty in proving the damages will not prevent recovery if it is clear that substantial damages were suffered as a result of the wrong.[1] Inability to give the exact or precise amount of damages does not preclude recovery so long as there is a reasonable basis in the evidence for the amount awarded. Hodges v. Fries, 1894, 34 Fla. 63, 15 So. 682; Niagra Therapy Manufacturing Corporation v. Niagra Cyclo Massage of Miami, Inc., Fla.App. 1967, 196 So.2d 474.
The other factor which is necessary to sustain an award for lost profits requires the existence of an ongoing business. New Amsterdam Casualty Co. v. Utility Battery Manufacturing Co., 1936, 122 Fla. 718, 166 So. 856; Ashland Oil, Inc., v. Pickard, Fla.App. 1972, 269 So.2d 714.
We find that the evidence adduced at trial meets the foregoing requirements. In addition, the evidence shows that the damages are reasonably certain and not wholly speculative, which would have required reversal of the jury verdict,[2] and that the damages are the proximate and foreseeable result of a wrongful act and do not amount to double compensation.[3]
No reversible error having been demonstrated, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] 9A Fla.Jur., Damages, Lost Profits, § 81 et seq.
[2] Myrick v. Miller, Fla.App. 1971, 256 So.2d 255.
[3] Punkar v. King Plastic Corp., Fla.App. 1974, 290 So.2d 505.