MINER, Associate Judge.
This is an appeal from a final judgment of the Circuit Court of Broward County, Florida.
At all times material hereto the plaintiff-appellee, Drs. Bielek, Birely & Salerno, P.A., was a professional association comprised of Miles J. Bielek, Beverly R. Birely and George R. Salerno. The defendant-appellant, Miles J. Bielek, was the lessor of certain commercial property where the plaintiff conducted its business.
In the spring of 1974, the members of the professional association became embroiled in a dispute. Thereafter, the defendant tried to evict the plaintiff from the demised premises. The plaintiff then brought suit to determine its rights under the lease. In addition, the plaintiff obtained a 90-day injunction against further eviction proceedings.
On July 12,1974, the parties entered into an agreement which guaranteed the plaintiff’s right to remain on the premises until the dispute was settled. If the case was decided in favor of the defendant, the plaintiff agreed to vacate the premises within 60 days after judgment was rendered. Despite the provisions of this agreement, the plaintiff moved to a new business location before the trial.
At trial before the Court, the plaintiff was awarded relocation expenses and damages for the increased cost of the new leasehold. On appeal, the defendant urges that these damages were improperly granted because the plaintiff voluntarily left the demised premises. We agree.
If a tenant is wrongfully evicted, he may bring an action against the landlord for damages. Young v. Cobbs, 83 So.2d 417 (Fla.1955). In the instant case, however, there was no wrongful eviction. The defendant could not and. did not evict the plaintiff because the parties’ written agreement protected the plaintiff’s right to remain on the premises. Although the plaintiff may have feared that the case would be decided adversely to its interests, the decision to move was made solely by the plaintiff.
The plaintiff voluntarily surrendered the leasehold estate and voluntarily incurred the cost of relocation and increased rental payments. Under these facts, there was no basis for awarding damages for wrongful eviction or for any other cause of action upon which the plaintiff may have *46 been relying. Accordingly, the award of damages for rental losses totalling $36,-552.37 and relocation expenses totalling $17,432.78 is hereby stricken.
We find the other issues raised by the appellant to be without merit. We affirm the decision of the Circuit Court as modified herein.
ANSTEAD and LETTS, JJ., concur.