398 So.2d 1000 (1981)
James McCREADY, Appellant,
v.
Charles M. BOOTH, Jr., J.K. Higgins and Clarence A. Johnson, II, d/b/a the Villas Apartments and Insurance Company of North America, Appellees.
No. 80-1003.
District Court of Appeal of Florida, Fifth District.
May 20, 1981.
Leslie King O'Neal of Graham, Markel, Scott, Marlowe, Appleton & McDonough, P.A., Orlando, for appellant.
Walter A. Ketcham, Jr., of Walker & Buckmaster, P.A., Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellees.
COBB, Judge.
This is an appeal from summary judgment entered in favor of a landlord against a tenant, whose suit claimed that negligence in his eviction resulted in the loss of his personal property. We affirm.
James McCready entered into a written lease with the defendants Booth, Higgins and Johnson, d/b/a The Villas Apartments (hereinafter referred to as the Villas), for the one-year lease of an apartment beginning April 1, 1974. After that lease expired, McCready continued to occupy the apartment on a month-to-month basis. McCready's work required him to be out of town, and during the years 1974 through 1976 the resident manager at the Villas accepted several late rental payments from McCready, along with the payment of a late fee.
In August of 1977, the Villas got a new supervisor who strictly enforced the rental provisions of the leases. On August 12, 1977, McCready left town on a business trip and he deposited his August rent in the mail slot of the Villas' office, with a note explaining that he was going to be out of town until approximately November. The resident manager attempted to personally contact McCready by telephone, but could not locate him. On September 8, 1977, the Villas, through its resident manager, posted *1001 a notice to pay rent on McCready's apartment door. On September 13, 1977, the Villas filed an action for eviction against McCready. The summons for that eviction action was served by posting the process on McCready's apartment door. On September 23, 1977, a writ of possession was posted on McCready's apartment door. On September 26, 1977, a deputy sheriff removed all of McCready's furniture and possessions from his apartment and placed them at the edge of the street. Various passersby then proceeded to steal the possessions. In October, after the eviction had taken place, McCready sent a check to the Villas for the rent for September and October. There appears to be a dispute between McCready and the Villas as to whether the latter had storage space where it could reasonably have stored his possessions.
In his complaint, McCready alleged that the Villas unjustifiably evicted him because (1) it knew that McCready's work required him to be out of town and that he would pay his rent; and (2) it was negligent in failing to take care of McCready's possessions that the deputy sheriff moved outside at the time of the eviction. On appeal, McCready has foregone the estoppel argument and only pursued the negligence argument. Both at trial and in his appellate brief, McCready conceded that the Villas followed the statutory procedure for eviction. Nevertheless, McCready contends that although the Villas may have complied with all the requisite statutory and regulatory provisions, it was still negligent in not protecting his possessions.
Negligence must be predicated upon duty. Under the circumstances of this case, no duty was owed by Villas to McCready to protect his possessions. The eviction statute does not prescribe a procedure for a landlord to follow after he has taken possession of premises from a tenant. The Villas asserts that, since the statute is silent in this regard, it had no duty to do anything to safeguard McCready's possessions, even though it knew he was out of town, that people passing by might well pick up his belongings, and that there was storage space available. We know of no statutory or case law holding that a tenant, who has been lawfully evicted pursuant to statutory procedure, can maintain an action in tort against a landlord for damaged personal property, absent some showing that such damage was intentionally or maliciously done, which is not alleged in this case.
Here, it was the tenant's wrongful act in breaching his covenant to pay rent, rather than any wrongful act on the part of the landlord, that caused the loss to the tenant. The tenant's breach set the lawful eviction process in motion. Therefore, the act of the Villas in physically dispossessing the plaintiff's property was not actionable. There was no wrongful eviction. Nor was there any allegation or showing of intentional or malicious destruction of personal property. As was stated by the Second District Court of Appeal in Century Water Systems, Inc. v. Adca Corp., 355 So.2d 1255, 1257 (Fla.2d DCA 1978):
Underlying or implicit in all the decisions is that the act of the landlord constituting the constructive eviction be wrongful, unwarranted or unlawful. Eviction, whether actual or constructive, to be actionable must be wrongful.
We agree with the Villas that it had no duty to store or otherwise maintain the plaintiff's personal property once his tenancy had been lawfully terminated. For this court to hold otherwise would be an invasion of the legislative prerogative, and would also fly in the face of established commonlaw principles. See 25 Am.Jur.2d Ejectment § 136 (1966). The duty of the Villas to its tenant ended when the physical dispossession of the tenant's property was surrendered to the legal process under the sheriff's authority in executing the writ of possession.
The trial judge was eminently correct in the entry of summary judgment for the landlord, and that judgment is affirmed.
AFFIRMED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.