PER CURIAM.
Appellants, Jimmy and Dale Ward, challenge an order of the trial court involuntarily dismissing their complaint, which alleged a cause of action for wrongful eviction and sought the imposition of a constructive and/or resulting trust. The trial court also granted Appellees’ counterclaim for ejectment. We reverse the trial court’s dismissal of Appellants’ cause of action for wrongful eviction, and we affirm all other issues raised on appeal.
Appellants’ claim of wrongful eviction was based on a suit for eviction filed by Appellees in 2006 in the county court. In their answer to the complaint, Appellants alleged that they had an equitable interest in the property. The county court granted the eviction and the circuit court affirmed the order of the county court. Pursuant to a petition for writ of certiorari, this Court found that the circuit court departed from the essential requirements of the law by affirming the county court’s decision. Ward v. Estate of Ward, 1 So.3d 238, 239 (Fla. 1st DCA 2008). This Court held that ejectment, not eviction, was the proper remedy due to Appellants’ allegation of an equitable interest in the land and that ejectment claims had to be raised in the circuit court. Id. Thus, this Court quashed the order affirming the eviction and remanded the case to the circuit court. Id.
In this case, the trial court dismissed Appellants’ claim for wrongful eviction based on its determination that Appellants failed to prove in the instant litigation a *1139 legal or equitable interest in the property. This was error. The mere fact that Appellants have now been lawfully ejected from the property is not a complete defense to their claim that they were wrongfully evicted pursuant to the earlier action filed in the county court. Walsh v. CAS, Inc., 633 So.2d 561, 562 (Fla. 4th DCA 1994); Farm Maid Inc. v. Giller, 474 So.2d 1278, 1278 (Fla. 3d DCA 1985). Thus, the trial court erred in dismissing the claim for wrongful eviction based on findings related to the current litigation. The court should have focused on the events surrounding the 2006 eviction. We, therefore, reverse the portion of the order involuntarily dismissing the claim for wrongful eviction. We affirm all other issues raised on appeal without further discussion.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAVIS, CLARK, and ROWE, JJ„ concur.