STEVENSON, J.
This case involves a commercial landlord-tenant dispute. In this appeal, the trial court granted summary judgment in favor of Spurrier Investments, Inc. (“Landlord”) on LK Group Holding Company’s (“Tenant”) counterclaim for wrongful eviction. The tenant’s counterclaim was based on nothing more than the fact that a default judgment of eviction obtained earlier by the landlord in this same case had been reversed on appeal. The record disclosed that the reversal of the judgment of eviction was based on the trial court’s failure to allow tenant to pay into the registry an amount determined by the court for the disputed amount of rents pursuant to section 83.232(1), Florida Statutes (2010). Because the complaint and the tenant’s response to the motion for summary judgment failed to allege a legally sufficient factual basis for “unlawfulness” of the eviction, or any “wrongdoing” on the part of the landlord in procuring the eviction, we affirm.
A wrongfully evicted tenant may bring an action against the landlord for damages. Bielek v. Drs. Bielek, Birely & Salerno, P.A., 366 So.2d 44, 45 (Fla. 4th *512 DCA 1978) (citing Young v. Cobbs, 83 So.2d 417 (Fla.1955)). In order to be actionable, the eviction must be “wrongful or unlawful,” which is the crux of this dispute. Walsh v. CAS, Inc., 633 So.2d 561, 562 (Fla. 4th DCA 1994) (citing McCready v. Booth, 398 So.2d 1000 (Fla. 5th DCA 1981); Sentry Water Sys., Inc. v. ADCA Corp., 355 So.2d 1255 (Fla. 2d DCA 1978)). In the final order of summary judgment, the trial court stated:
This court finds the tenant was not wrongfully evicted. The landlord followed the proper statutory procedures to obtain the requested relief from the courts. The County Court Judge granted the Final Default Judgment and order of Writ of Possession after considering the pleadings and the merits. The landlord followed all legal requirements of the Court. Absent the court order, the landlord could lawfully not evict the tenant.
A careful reading of the appellate opinion reveals the county court judgment was reversed because the trial judge did not comply with F.S. 83.232(1). The trial judge did not make the necessary determination of the amount the tenant must deposit into the court registry as articulated in the statute. There was no finding the landlord either did not comply with the applicable statute(s) or with any county court orders in obtaining the county court judgment. The contrary is true. Consequently, it cannot be said the landlord wrongfully or unlawfully evicted the tenant under these unique circumstances.
Adelhelm v. Dougherty, 129 Fla. 680, 176 So. 775 (1937), is the only landlord-tenant case which tenant cites for the proposition that the eviction was ipso facto wrongful after the reversal of the judgment because the parties must be put back in the same place as just prior to entry of the judgment. In Adelhelm, our supreme court considered whether it was a trespass for the landlord to execute a warrant for possession knowing that, the day before, the.court entered an order setting aside the underlying default and judgment.
It is elementary that no person has the right to forcibly enter premises in the possession of and occupied by another, whether the person occupying the premises happens to be in [t]he premises or absent therefrom at the time. The law provides an adequate and speedy remedy for the acquisition of possession of premises which are wrongfully held by another, and in this case [landlord] in the court below had no more right to enter the premises by procuring keys to the locks placed thereon by the occupant than they would have had without having filed any proceedings to acquire possession of the property, because the judgment awarding them possession had been canceled and set aside, which had the effect of leaving the case in the same position and the parties in the same position that they were before judgment was entered.
Id. at 777. Tenant argues that because the judgment of eviction here was reversed, there was no legal basis for the landlord to evict tenant as in Adelhelm, and accordingly, the eviction was ipso facto wrongful. We find Adelhelm is distinguishable because the landlord there knew that .the underlying judgment was set aside. The wrongfulness of the eviction in Adelhelm was attributable to the landlord who evicted the tenant in the face of the trial court’s setting aside of the order.
In the instant case, the manner in which the tenant pleaded the cause of action warranted the imposition of summary judgment as there is no per se rule in Florida that an eviction based on a judgment of eviction which is subsequently re *513 versed constitutes an ipso facto -wrongful eviction. Here, tenant never alleged that landlord convinced the trial court to enter the default judgment with a bad faith or frivolous legal argument, or attempted to dispossess tenant with anything other than a judgment of eviction in-hand obtained through due legal process. Tenant alleged no underlying wrongful conduct of the landlord beyond that of being the winning recipient of a judgment which was later reversed because of an error by the trial court. Further, the judgment of eviction was neither entered nor reversed on the merits of the claim. The gravamen of the tort of wrongful eviction lies in the alleged “wrongful” conduct of the landlord, see, e.g., Young v. Cobbs, 83 So.2d 417 (Fla.1955); appellant has cited no Florida authority to suggest otherwise. As such, we approve the trial court’s determination that “it cannot be said the landlord wrongfully or unlawfully evicted the tenant under these unique circumstances.”

Affirmed.

CIKLIN and GERBER, JJ., concur.