# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2787
Lower Tribunal No. 14-3999
_____


**Jason Ice,**
Appellant,

vs.

**The Cosmopolitan Residences on South Beach, A Condominium Association, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

The Stabenow Law Firm, and Tony Stabenow, for appellant.

Siegfried, Rivera, Hyman, Lerner, De La Torre, Mars & Sobel, and Elizabeth A. Bowen and Diane J. Zelmer, for appellee.


Before ROTHENBERG, C.J., and SALTER and LUCK, JJ.

SALTER, J.

Jason Ice appeals the dismissal with prejudice of his second amended complaint ("Complaint") against defendant and appellee, The Cosmopolitan Residences on South Beach, a Condominium Association, Inc. ("Association").[1] In light of certain specific allegations within the Complaint and the standard of review applicable to dismissals with prejudice, we reverse the final order of dismissal with prejudice (including the denial of Mr. Ice's motion for reconsideration), but only insofar as the dismissal pertained to Count II, conversion.[2]

Mr. Ice obtained title to a condominium unit in 2010 at a foreclosure sale resulting from the Association's foreclosure of a lien for unpaid assessments against the prior owner. Following the foreclosure sale, the Association issued a written approval for Mr. Ice's purchase of the unit. When he took title, however, the unit was still subject to a pending mortgage foreclosure action commenced against the prior owner. Mr. Ice alleges in the Complaint that he was unaware of that pending mortgage foreclosure action against his newly-acquired condominium unit, but that allegation is not relevant to the issues before us.

---

[1] Mr. Ice's second amended complaint also named Bank of America, N.A., as a defendant, but during the pendency of this appeal the Bank and Mr. Ice filed a stipulation for dismissal with prejudice of the Bank as a party.

[2] Count I alleged a claim for bailment as against the Association. Counts III and IV pertained exclusively to the Bank which (see n. 1 above) is no longer a party to this appeal.

In early 2012, the mortgage lender obtained a final judgment of foreclosure against Mr. Ice's condominium unit. In March of that year, the lender obtained a certificate of title to the unit. Although Mr. Ice had received information in March that the lender's foreclosure was in process, he alleges that he was surprised, at about 9:00 p.m. on April 10, 2012, to find a final notice and writ of possession on the door of his condominium unit advising him that he had 24 hours to vacate. Mr. Ice removed some of his possessions from the unit the following day, but he alleges that he could not find an apartment and arrange the logistics for moving his furniture and remaining possessions from the unit during that single day.

The Complaint alleges that, on April 12, 2012, deputy sheriffs removed all of Mr. Ice's remaining property from the unit. Mr. Ice further alleges that the Association's property manager expressly instructed the deputies to place all such property in the condominium building's parking garage, and that the property manager also "placed yellow/black barricade tape around [Mr. Ice's] property, ostensibly to serve as a caution and purported deterrent for thieves."

Mr. Ice alleges that later that same day, he discovered that the Association had intentionally deactivated his access card to the condominium premises, such that he could not remove his property. A security guard at the condominium, Mr. Ice alleges, told him that the Association property manager told the deputies not to put the property out on the street, and to "put everything in the garage so that it

3

would be safe until the owner of the property could be contacted." According to the Complaint, the security guard told Mr. Ice that the management office instructed Mr. Ice to contact them when they opened the following day to make arrangements to get his remaining property. Mr. Ice asserts that he was not allowed to have access to, or remove, any of his property in the condominium garage.

When Mr. Ice called the next morning, he alleges, the Association property manager asked if she could have his couch and some other items. He told her that she could not, and that he was going to rent a truck to come by in the afternoon to retrieve his property. In the early afternoon, however, Mr. Ice alleges that the Association's manager called him and told him that he could not have access to his remaining property, that it had already been disposed of, and that he could not return to the condominium complex (on pain of being removed as a trespasser).

Finally, Mr. Ice alleges that "a few days later" the Association's security guard contacted Mr. Ice and asked if he could have the property in Mr. Ice's storage unit at the condominium. The security guard said that if Mr. Ice granted permission, the condominium manager would allow the security guard to have them. Mr. Ice alleges that he communicated then that he wanted all his property back. Thereafter, having recovered none of his property that had been deposited in

the condominium parking garage, and none of the property in his storage unit, Mr. Ice filed his lawsuit.

The Association filed motions to dismiss directed to his original complaint and a first amended complaint, and those motions were granted. Mr. Ice then filed the Complaint, the Association moved to dismiss it with prejudice, the motion was granted, and Mr. Ice's motion for rehearing was denied. This appeal followed.

<u>Analysis</u>

We review the dismissal order de novo, we accept the allegations in the complaint as true, and we view those allegations in the light most favorable to Mr. Ice. <u>Charles v. Foreclosure Placement Ctr.</u>, 988 So. 3d 1157, 1158-59 (Fla. 3d DCA 2008). We construe all reasonable inferences from the allegations in favor of Mr. Ice. <u>United Auto Ins. Co. v. Law Offices of Michael I. Libman</u>, 46 So. 3d 1101, 1103-04 (Fla. 3d DCA 2010).

The dismissal with prejudice of Count I of the Complaint, a claim for breach of duty as a bailee, must be affirmed. The allegations do not establish that the Association obtained independent, temporary, exclusive possession of the property from Mr. Ice (as opposed to the sheriff's deputies). <u>See</u> <u>S&W Air Vac Sys., Inc. v. Dep't of Revenue</u>, 697 So. 2d 1313 (Fla. 5th DCA 1997). Indeed, the deputies' delivery of the property to the parking garage was, according to the Complaint, accomplished over the objection of Mr. Ice and against his wishes. The Complaint

5

alleges that Mr. Ice tried (unsuccessfully) to stop the execution of the writ of possession because he believed the Bank had arranged for him to have a longer period within which to vacate the premises.

Count II, however, presents a legally sufficient cause of action for conversion. Conversion "constitutes the exercise of wrongful dominion and control over the property to the detriment of the rights of the actual owner." Envases Venezolanos, S.A. v. Collazo, 559 So. 2d 651, 652 (Fla. 3d DCA 1990); John Hall Elec. Contracting, Inc. v. Allstate Const., Inc., 917 So. 2d 310, 311 (Fla. 5th DCA 2005). The Complaint's allegations impute the Association's agents' (property manager's and security guard's) statements and conduct to the Association, including statements and actions exercising intentional control over Mr. Ice's property coupled with a stated intention to possess some or all of that property.

Once the property was deposited in the parking garage, the Association (and its agents) had no legal right to require Mr. Ice to give them certain items of property as a quid quo pro for access to recover the balance. The sufficiency of the allegations is even clearer with respect to Mr. Ice's property allegedly stored by him in a storage unit within the condominium premises. The allegations are quite clear that Mr. Ice did not abandon his remaining property, but instead made numerous and repeated demands and efforts to recover that property.

In this respect, the present case is readily distinguishable from the case relied upon by the Association, <u>McCready v. Booth</u>, 398 So. 2d 1000 (Fla. 5th DCA 1981). In that case, Mr. McCready sued his landlord for negligence after his eviction from an apartment. A deputy sheriff "removed all of McCready's furniture and possessions from his apartment and placed them at the edge of the street. Various passersby then proceeded to steal the possessions." <u>Id.</u> at 1001. McCready's lawsuit claimed, among other things, that the landlord was "negligent in failing to take care of McCready's possessions that the deputy sheriff moved outside at the time of the eviction." <u>Id.</u> The Fifth District held that, absent intentional or malicious damage by the landlord to McCready's property, the landlord had no duty to protect the property because McCready had been "lawfully evicted pursuant to statutory procedure." <u>Id.</u>

Mr. Ice's allegations go well beyond the facts of <u>McCready</u>, including acts of intervention, control, and refusal to permit recovery of the property, by the Association and its agents.

Finally, the Association's reliance on section 83.62(2), Florida Statutes (2012), is also unavailing. First, the statute is part of the Residential Landlord and Tenant Act applicable to "the rental of a dwelling unit."[3] According to the Complaint, Mr. Ice was an owner of his unit, not a tenant, until his loss of title to

---

[3] §§ 83.40, 83.41, Fla. Stat. (2012).

the foreclosing mortgage lender.  Second, section 83.62(2) exculpates the sheriff, landlord, and landlord's agent from liability "for the loss, destruction, or damage to the property after it has been removed."  The evicted tenant's property is to be removed "to or near the property line."  That provision does not address the liability of a condominium association or its agents following their direction to the sheriff to store property within the condominium premises.

This is not to suggest that Mr. Ice's conversion claim will or will not survive summary judgment, or that he will prevail in the event of a trial. See Greene v. Times Publ'g Co., 130 So. 3d 724, 730 n.11 (Fla. 3d DCA 2014).  Under the applicable standard of review at this procedural point, however, and looking no further than the four corners of the Complaint and its attachments, we conclude that Mr. Ice's Complaint alleges a legally sufficient cause of action for conversion of his property.

Affirmed as to Count I; reversed as to Count II; and remanded for further proceedings.