218 N.J. Super. 370 (1987)
527 A.2d 933
DARLENE BANKS, PLAINTIFF-RESPONDENT,
v.
KORMAN ASSOCIATES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 12, 1987.
Decided July 6, 1987.
*372 Before Judges ANTELL and BRODY.
Marvin S. Davidson, attorney for appellant.
No brief was filed by respondent.
The opinion of the court was delivered by BRODY, J.A.D.
Plaintiff (tenant) brought this action to recover the value of furniture she claims was stolen from her apartment after she had been lawfully evicted. Defendant (landlord) had been tenant's landlord until the entry of a judgment for possession for nonpayment of rent. The trial judge found that on the day of her eviction, tenant persuaded the superintendent of the building to allow her to leave the furniture behind until she located another place to live. Later that day the constable changed the lock on the door of the apartment. Two weeks later tenant found the lock broken and her furniture gone. The trial judge held that by allowing tenant to leave her furniture in the apartment after eviction, landlord undertook the duty to take reasonable care of it. The judge found that the landlord did not discharge that duty because it failed to "reasonably secure" the apartment. We now reverse.
When a tenancy has been terminated by lawful eviction, the landlord has no duty to care for property that the former tenant has left behind. See Christensen v. Hoover, 643 P.2d 525, 528 (Colo. 1982); McCready v. Booth, 398 So.2d 1000, 1001 (Fla.App. 1981); Ringler v. Sias, 68 Ohio App.2d 230, 428 N.E.2d 869, 870 (1980). Thus, if the landlord chooses to care for the tenant's property by placing it in storage, he does so at his own expense unless the tenant has authorized him to do so. See Gargano v. Venezio, 38 N.J. Super. 127 (App.Div. 1955).
Here, however, landlord assumed a duty to care for tenant's furniture when the superintendent agreed to let tenant leave it in the apartment. That agreement created a gratuitous bailment because landlord received no consideration for keeping *373 the furniture for tenant. Our courts have said that a gratuitous bailee is liable to the bailor only for bad faith or gross negligence. See, e.g., Weinstein v. Sheer, 98 N.J.L. 511, 514 (E. & A. 1923); Capezzaro v. Winfrey, 153 N.J. Super. 267, 270-271 (App.Div. 1977).
Most courts have imposed this lower standard of care upon a gratuitous bailee. Annotation, "Duty and liability of gratuitous bailee or mandatary," 4 A.L.R. 1196, 1197-1199 (1919); 96 A.L.R. 909, 910-911 (1935). The minority view is expressed in Koennecke v. Waxwing Cedar Products, Ltd., 273 Or. 639, 543 P.2d 669 (1975). Acknowledging that "a majority of the states adhere to the common law rule that a gratuitous bailee is liable only for gross negligence," that court adopted a standard of reasonable care in order to avoid "the inevitable confusion which would be otherwise created by any attempt to define `gross negligence' or `slight care.'" 543 P.2d at 673. In another context, we have defined "gross negligence" to mean "an indifference to consequences." State v. Gooze, 14 N.J. Super. 277, 282 (App.Div. 1951). That definition of gross negligence and a gratuitous bailee's alternative liability for bad faith adequately convey to a trier of fact the lower standard of care. See In re Suspension or Revoc. License of Kerlin, 151 N.J. Super. 179, 185-187 (App.Div. 1977).
We adopt the majority view. A gratuitous bailee should be held to a lower standard of care in all cases, not just in those cases where a particular trier of fact may find that the exercise of slight care is reasonable. We therefore reject the standard of reasonable care and hold that a gratuitous bailee is liable to the bailor only for bad faith or gross negligence in caring for the bailor's property.
Where a landlord has permitted an evicted tenant to leave property temporarily behind, unless there is some other agreement the landlord is a gratuitous bailee and is therefore liable to the bailor for damage to or loss of that property only if *374 the damage or loss was proximately caused by the landlord's bad faith or gross negligence.
Applying that standard here, the evidence fell far short of supporting a finding that landlord is responsible for the theft of tenant's furniture. There was no evidence that the lock used by the constable was substandard or that there was a foreseeable risk of criminal activity in the building. In the absence of such evidence landlord would probably not be liable even under a standard of reasonable care. See Trentacost v. Brussel, 82 N.J. 214, 223 (1980); Braitman v. Overlook Terrace Corp., 68 N.J. 368, 382-383 (1975).
Judgment was entered in favor of tenant in the amount of $879, representing the difference between $1,530, the value of the furniture, and $651, the unpaid rent landlord had sought in a counterclaim. We reverse the judgment in favor of plaintiff and remand for the entry of judgment against plaintiff and in favor of defendant in the amount of $651, together with interest from November 29, 1984, and costs.