Luis **CAMPOS**, Appellant,

v.

**INVESTMENT MANAGEMENT PROPERTIES, INC.,**
Appellee.

No. 04–95–00238–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 31, 1996.

Rehearing Overruled Feb. 23, 1996.

---

John D. Wennermark, Wennermark & Moseley, P.L.L.C., San Antonio, for appellant.

Gay Gueringer, Richie & Gueringer, P.C., San Antonio, for appellee.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION

STONE, Justice.

This is an appeal from a suit for conversion and negligence. The appellant, Luis Campos, complains on appeal that the trial court erred in granting appellee's motion for summary judgment because 1) there is a fact issue as to the conversion cause of action; 2) he has established all the essential elements in his negligence cause of action; and 3) his claims are not precluded by res judicata, claim preclusion and/or merger. We disagree with appellant's first two points of error and do not reach the third point. Accordingly, we affirm the trial court's judgment. We further find the appeal was taken solely for delay and with no reasonable expectation of reversal; therefore, we impose sanctions pursuant to TEX.R.APP.P. 84.

On December 29, 1992 a judgment was entered in favor of appellee, Investment Management Properties, Inc., for possession of the premises known as 339 Bangor Street, San Antonio, Bexar County, Texas. On appeal, this court affirmed the lower court's decision. Appellee obtained a Writ of Possession which was carried out on May 3, 1993 by two deputy sheriffs who took possession of and delivered the premises to appellee. Under the sheriffs' supervision, appellee removed appellant's property from the premises and placed it on the front lawn. Appellee's summary judgment affidavits claim it was not raining, sleeting, or snowing at the time the property was removed.

■ Appellant filed suit for conversion and negligence based on appellee's actions in executing the writ of possession. Appellee filed a motion for summary judgment. Appellant did not file his response until the *sixth* day prior to the date of hearing rather than the seventh day as required by TEX.R.CIV.P. 166a. Appellant did not obtain leave from the court to file his late response. The trial judge made a handwritten notation at the bottom of the summary judgment which showed the late-filed response was not considered. Thus, the only summary judgment evidence before this Court is the summary judgment proof attached to appellee's motion for summary judgment. It is clear that pleadings, even if sworn to, are not proof for summary judgment purposes. *Hidalgo v. Surety Sav. and Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971).

## STANDARD OF REVIEW

■ The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *Nixon,* 690 S.W.2d at 548–49; *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor. *Nixon,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311. If the trial court does not enumerate the grounds upon which summary judgment is based, then the judgment will be affirmed if any of the theories advanced in the movant's motion are meritorious. *See*

*Rogers v. Ricane Enter., Inc.,* 772 S.W.2d 76, 79 (Tex.1989).

## CONVERSION

In his first point of error, appellant says that a fact issue was created because 1) his belongings were removed from the property and left out in the rain to ruin, and 2) his cars were towed from an adjacent property. Appellant claims his personal property was damaged by being left in the rain. Appellee's summary judgment affidavits state that it was not raining when the articles were removed.

■ Conversion is the wrongful exercise of dominion and control by a person over the property of another. *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 446 (Tex.1971); *Killian v. Trans Union Leasing Corp.,* 657 S.W.2d 189, 192 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). Conversion is complete when a person unlawfully and wrongfully exercises dominion and control over the property of another to the exclusion of the possessory rights of the owner or of another person entitled to possession. *See Killian* at 192; *McVea v. Verkins,* 587 S.W.2d 526, 530–31 (Tex.Civ.App.—Corpus Christi 1979, no writ).

■ Appellee did not "convert" the appellant's property because to constitute conversion, there must be a *wrongful* assumption of dominion and control over the property. In this case, appellee was legally authorized to remove the property from the premises. The summary judgment proof shows that the writ of possession was carried out in compliance with TEX.PROP.CODE ANN. § 24.0061 (Vernon Supp.1995). Since there was *no* wrongful assumption, appellant's property was not converted.

■ The writ issued in this case authorized "possession of [property located at: 339 Bangor, San Antonio, Bexar County, Texas], which means the rental unit and any outside area of facility that the tenant is entitled to use under the lease or that is held out for the use of tenants generally." Appellant argues that vehicles were towed from an adjacent lot not owned by appellee, thus implying a "wrongful" taking of the cars. In his original petition, appellant did not allege that the cars were on an adjacent lot, and his late-filed response to appellee's motion for summary judgment was not considered by the trial court. Nor did appellant allege the vehicles were on property that appellant had no right to use. "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R.CIV.P. 166a(c). This fact issue was improperly raised for the first time on appeal. The only evidence properly before this Court is the summary judgment proof attached to appellee's motion for summary judgment. Appellant's point of error number one is overruled.

## NEGLIGENCE

■ Appellant complains in his second point of error that the trial court erred in granting appellee's Motion for Summary Judgment because appellant established all the elements of negligence. Negligence consists of three essential elements: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately resulting from that breach. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex. 1987). Appellant claims appellee's duty was established in two ways.

■ Appellant says the first duty is established by TEX.PROP.CODE ANN. § 24.0061(c)(3) (Vernon Supp.1995), which reads as follows:

(c) The writ of possession shall order the officer executing the writ to deliver possession of the premises to the landlord and to:

(3) place, or have an authorized person place, the removed personal property outside the rental unit at a nearby location, but not blocking a public sidewalk, passageway, or street and *not while it is raining, sleeting, or snowing.*

*Id.* (emphasis supplied). Appellant misstated the Property Code when he recited in his brief that the Code "specifically prohibits a party from *leaving* items in the rain, etc., *or when a party knows it will rain.*" (emphasis supplied). Appellant argues that because ap-

pellee left his property on the lawn and it was subsequently destroyed by rain, appellee violated TEX.PROP.CODE ANN. § 24.0061. This is not a correct interpretation of the statute. The statute says that the property may not be *removed* while it is raining. The statute does not impose a duty on the landlord or its agent to stand guard over the property until it is retrieved by the owner. Likewise, we reject appellant's arguments that the "spirit" of the statute required appellee to protect the property after proper execution of a writ in compliance with section 24.0061. Appellant cites no authority to support this interpretation, nor has the Court found any authority.

Once again, the affidavits of the appellee's agents stating there was no precipitation at the time the items were removed is the only summary judgment evidence before this court. This conduct complies with the Property Code, thus, appellee did not breach any duty owed to appellant under the Code.

Appellant further asserts that when one removes items from a house there is a duty to ensure the items are not damaged. This duty is not created by the Property Code, however, and the authority cited by appellant to support this contention is not on point. Appellant claims "it is well settled" that the landlord has a duty to safely care for removed property when a Writ of Possession is issued. The authority cited by appellant is distinguishable from the instant case. *See Johnson v. Lane*, 524 S.W.2d 361, 364 (Tex. App.—Dallas 1975, no writ) (landlord took possession of tenant's property as a lien for unpaid rent); *Panhandle & Santa Fe R.R. Co. v. Hogan*, 388 S.W.2d 320 (Tex.App.—Amarillo 1965, writ ref'd n.r.e.) (tenant abandoned premises); *Alsbury v. Linville*, 214 S.W. 492 (Tex.Civ.App.—El Paso 1919, writ dismissed woj) (action against a railroad for conversion of rock, sand, and gravel stored on a premises adjoining a railroad right of way). These cases are of little relevance to the case at hand.

▆ Further, appellant argues appellee's act of purchasing a tarpaulin and ropes to cover appellant's property created a duty to act with reasonable care. He cites cases which rule that a person who voluntarily undertakes an affirmative course of action affecting the interests of another must act with reasonable care. He also cites case law that says a person may not leave a party in worse position then before starting the services. Appellant concludes he was left in a worse position with the articles on the lawn covered by a tarp than he would have been had the articles never been removed from the premises and placed on the lawn. Again, appellant's reasoning is skewed. Undoubtedly appellant would have been in a better position if the property had remained inside the premises. However, appellant's property was removed to the lawn under a valid Writ of Possession. The removal of the property—with or without use of ropes and a tarp—was proper. Appellant's argument lacks merit and in no way establishes a duty for appellee to care for the items once they were removed from the property.

Appellant did not establish any duty which appellee owed to appellant. Without a duty there can be no cause of action for negligence. Appellee has successfully defeated at least one element of appellant's cause of action for negligence in its motion for summary judgment. Appellant's second point of error is overruled.

## RES JUDICATA

In his third point of error, appellant argues that the trial court erred in granting appellee's Motion for Summary Judgment because appellant is not relitigating issues and thus is not precluded by res judicata, claim preclusion and/or merger. We need not address this point because appellant's only other two points of error are overruled on the merits.

## SANCTIONS FOR FILING A FRIVOLOUS APPEAL

In a cross point, appellee asks this court to sanction appellant pursuant to TEX.R.APP.P. 84, arguing that appellant has filed a frivolous appeal. Appellee contends this appeal is completely without merit, and that appellant's arguments are not supported by case law. Further, appellee contends that when appellant does cite case law it does not support his arguments for reversal but merely

goes to elements of the causes of action alleged and standards of law not applicable to the appeal. Appellee also contends that appellant affirmatively misstated the requirements of TEX.PROP.CODE ANN. § 24.0061 (Vernon Supp.1995). We agree with appellee's contentions.

This Court may assess damages against appellant for bringing a frivolous appeal. TEX.R.APP.P. 84. An award of damages under Rule 84 will be imposed only if the record clearly shows the appellant has no reasonable expectation of reversal, and the appellant has not pursued the appeal in good faith. *Finch v. Finch*, 825 S.W.2d 218, 226 (Tex.App.—Houston [1st Dist.] 1992, no writ). To justify sanctions, we must determine that the appeal was taken for delay only and without sufficient cause. *Jones v. Colley*, 820 S.W.2d 863, 867 (Tex.App.—Texarkana 1991, writ denied); *Eustice v. Grandy's*, 827 S.W.2d 12, 15 (Tex.App.—Dallas 1992, no writ). In making these findings, this Court must review the case from appellant's point of view at the time the appeal was taken, and decide whether he had any reasonable grounds to believe the case would be reversed. *Hicks v. Western Funding*, 809 S.W.2d 787, 788 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Carlyle Real Estate Ltd. Partnership–X v. Leibman*, 782 S.W.2d 230, 234 (Tex.App.—Houston [1st Dist.] 1989, no writ).

Appellant contends sanctions should not be imposed against him because he reasonably expected the judgment would be reversed "[p]rimarily because Appellant's cause of action for conversion of the vehicles, which was never mentioned in Appellee's Brief, is conclusively established." As discussed above, the issue of the vehicles was raised for the first time on appeal, and is not properly before this Court. We further note that appellant's petition gave no indication that appellant claimed the vehicles were located anywhere other than the premises at 339 Bangor. Even in his appellate brief, appellant does not clearly describe such a complaint. The only reference to the vehicles in the brief is appellant's statement that "automobiles owned by [appellant] and not on the premises were towed away." Under such a record, appellee had no duty to address this issue either in its summary judgment motion or in its appellate brief.

We have reviewed the record and relevant law, and have determined that appellant had no reasonable basis to believe that this case would be reversed on appeal. We find that appellant's appeal is for delay tactics only and is without merit. *See Kimmell v. Leoffler*, 791 S.W.2d 648, 654 (Tex. App.—San Antonio 1990, writ denied). Accordingly, we assess the maximum damages authorized, ten (10) times the total taxable costs, against appellant. Such damages are to earn interest at a rate of ten percent (10%) per annum from the date of this Court's judgment until paid in full.

The judgment of the trial court is affirmed. Damages are assessed in favor of the appellee and against appellant at ten (10) times the total taxable costs of the appeal. Such damages are to earn interest at the rate of ten percent (10%) per annum from the date of this Court's judgment until paid in full.

GREEN, Justice, concurring.

I fully join in the majority opinion, but I write separately to highlight what I believe to be a problem posing ever increasing harm to the orderly administration of justice in this court and, most likely, in all other appellate courts in this state—frivolous appeals.

In my brief year on this court I have come to realize that far too many practitioners are failing to give due regard to the burdens they face when seeking to overturn a trial court judgment, whether in civil or criminal cases. The decision to appeal should not be taken lightly; it involves the careful consideration of a number of factors. A bad result below, by itself, is simply not a reason to appeal—not every case is properly appealable.

It seems to me, though, that some civil cases are appealed not because they involve arguable reversible error, but because of "appellate economics." Litigation is enormously expensive and, after a huge investment in the trial of a case, the cost of an appeal may be minor by comparison—so why not appeal? On the criminal side of the docket, while the deprivation of liberty would suggest that ap-

pellants have more leeway on appeal, there are still too many cases that fail to rise to minimum levels of legitimacy.

The decision to appeal should not be driven by comparative economies or wishful thinking; rather, it should be based on professional judgment made after careful review of the record for preserved error and after applying applicable standards of appellate review. It is not a mechanical exercise, but requires the dutiful application of lawyering skills.[1]

The practice of "let's just throw as much mud as we can up on the wall and see if any of it sticks" must be discouraged. Because where there is no legitimate basis for appeal, the result most often occurring is that nothing "sticks"—and the lawyer not only loses his client's appeal, but his credibility and reputation with the court suffer.

The legal profession has been roundly criticized by the non-lawyer public over the years for failing to take action against lawyers who make frivolous filings.[2] And there is universal complaint that the justice system moves too slowly. The State Bar certainly has a role in policing its ranks of unethical lawyers. But I believe the courts also have a responsibility, both to the profession and the taxpaying public, to challenge any action that impedes the efficient and orderly flow of legitimate court business. And that includes taking steps to reduce the number of frivolous appeals.

Judicial resources around the state are already severely strained. About fifteen years ago, before criminal appellate jurisdiction was added to the courts of civil appeals, each of the three justices on this court disposed of an average of 35 cases per year.[3] The court was expanded to seven justices in 1981 when criminal jurisdiction was added but, even so, today we will dispose of an average of well over 100 cases per year per justice. And annual filings in this court continue to increase. The Fourth Court of Appeals this year is responsible for roughly thirty-five percent more cases than just five years ago.

There are, obviously, very serious negative side effects to all of this, not the least of which is that we are afforded much less time to devote to each case. Appellate litigants are entitled to deliberate and studied consideration of their appeals by the elected members of this court. Frivolous appeals divert scarce resources away from those more deserving cases involving legitimate appellate issues. As our caseload continues to mount, it is a problem we can no longer afford to ignore. While at present we are limited in our authority to deal with the problem, we must not be hesitant to use the tools that we have.[4]

When they are identified, frivolous appeals should be promptly disposed of and the lawyers and parties who file them should be sanctioned in accordance with the applicable rules and regulations.[5] In time, those who would continue to abuse the judicial system will learn that they do so at their own peril.

1. *See* Paul W. Nye, Chief Justice (Ret.), *The Decision to Appeal, in* APPELLATE PRACTICE INSTITUTE: FOR LAWYERS AND LEGAL ASSISTANTS, at W–3, W–5 (State Bar of Texas Professional Development Series) (1995).

2. Every lawyer in this state is on notice as to what is meant by a frivolous filing. *See* TEX.DISCI-PLINARY R.PROF.CONDUCT 3.01 & cmts. (1990) *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit G app. A (Vernon Supp.1996) (STATE BAR RULES art. X, § 9).

3. Texas Judicial Council and Office of Court Administration Annual Report (1979).

4. There is no authority in the Texas Rules of Appellate Procedure that corresponds with the trial court's ability to sanction attorneys for frivolous filings. *See* TEX.R.CIV.P. 13. Oddly enough, TEX.R.APP.P. 84 authorizes limited sanctions only against the offending party *and not the attorney* when of course it is the attorney who is in the best position to know whether or not an appeal is meritless. Perhaps this is an area in which the supreme court, through its rule making power, can expand to the appeals courts the same or similar rule authority it has granted to the trial courts to police their dockets.

5. Judges are required by the Code of Judicial Conduct to take "appropriate action" when learning of disciplinary rules violations by lawyers. TEX.CODE JUD.CONDUCT, Canon 3, pt. D(2) (1994), *reprinted in* TEX.GOV'T CODE ANN. tit. 2, subtit. G app. B (Vernon Supp.1996). "Appropriate action" is left undefined.

This case is a particularly egregious example of a frivolous appeal. As stated in the majority opinion, the appeal was brought with no reasonable expectation of reversal, the motivation therefore apparently being for delay or harassment only. But what is worse is that the appellant's attorney, in a futile attempt to enhance his cause, compounded his transgression by flagrantly misrepresenting the law to the court in his brief on appeal.

As indicated in the majority opinion, appellant's lawsuit complains of rain damage to personal property that was removed from his home and left in the front yard pursuant to a writ of possession following a forcible entry and detainer action. Appellant relies on Texas Property Code section 24.0061 in support of his claim that appellee was negligent when exercising control over his property. In his brief, appellant asserts that section 24.0061 "*specifically* prohibits a party from leaving items in the rain, etc., *or when the party knows it will rain.*" (emphasis added) But that is not what the statute says. Section 24.0061 actually states that a landlord may move a tenant's property to a "nearby location, but not ... while it is raining, sleeting, or snowing." Tex.Prop.Code Ann. § 24.0061(c)(3) (Vernon Supp.1996).

The statute clearly does not place a weather forecasting burden on those who would remove a tenant's property. But, having changed the law more to his liking, appellant proceeded to argue that appellee breached its duty to appellant and that "it was foreseeable for a reasonable, prudent person that in May and in particular that day, if one listened to weather reports, that there was tendency (sic) for rain and precautions should have been made."

The embellishment of the statutory language was a material misrepresentation of law to this court clearly calculated to induce a reversal of this summary judgment appeal. This is conduct beyond the pale of any legitimate advocacy and is a violation of the disciplinary rules.[6] Moreover, I can think of few examples of conduct by a lawyer more offensive to the court, or more damaging to his client's interests.

Even though the lawyer is responsible for advising his client and for writing the brief on appeal, the consequences of filing a frivolous appeal must rest at least in part with the client because, ultimately, the decision to appeal is the client's. But the consequences for the misrepresentation of the facts or the law before this court should fall exclusively upon the lawyer, who is an officer of the court. Under our current appellate rules, we are authorized to sanction only the client in the former instance. In the latter instance, apart from the appellate rules, we retain the inherent power to discipline misconduct before this court when reasonably necessary and to the extent deemed appropriate. *Public Util. Com'n of Texas v. Cofer,* 754 S.W.2d 121, 124 (Tex.1988) ("We recognize that a court has inherent powers it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in preservation of its independence and integrity."); *Kutch v. Del Mar College,* 831 S.W.2d 506, 509 (Tex. App.—Corpus Christi 1992, no writ) (Texas courts have certain inherent powers, "including the power to sanction for bad faith abuse of the judicial process.").

The court refrains in this instance from exercising its inherent disciplinary powers but chooses instead to invoke the maximum sanctions authorized by the appellate rules. I concur.

---

**6.** Tex.Disciplinary R.Prof.Conduct 3.03(a)(1) (1990).