Azam KHAN, Plaintiff–Appellant,

v.

HERITAGE PROPERTY MANAGE-MENT, a/k/a Heritage Associates Corporation, Defendant–Appellee.

No. 97–0844.

Court of Appeals of Iowa.

June 24, 1998.

Gerald J. Kucera of the Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

James M. Powers of Powers & Beard, L.L.P., Cedar Rapids, for appellee.

Heard by CADY, C.J., and SACKETT and STREIT, JJ.

CADY, Chief Judge.

Azam Khan appeals a ruling by the district court granting summary judgment to Heritage Property Management (Heritage). Khan claims the district court erred by dis-

missing his claim against a former landlord for damages to personal property which occurred following his eviction from the dwelling unit. We affirm the district court.

Khan was a student at the University of Iowa. He rented an apartment from Heritage in August 1995. In October 1995, Heritage served Khan with a notice to quit after he failed to make the first three monthly rental payments. After Khan failed to vacate the premises, Heritage filed a forcible entry and detainer action in small claims court. Khan did not appear at the forcible entry and detainer hearing on October 24, 1995. The small claims court found Khan in default. It ordered him to be removed from the premises and that Heritage be put in possession. The clerk of court subsequently issued a writ of possession.

A deputy sheriff appeared at the apartment on October 27, 1995, to execute the writ. Khan was not at the apartment at the time. He had left town a few days earlier on a trip.[1] The deputy removed all of Khan's personal property from the apartment and placed it outside the apartment building in front of the building. The deputy then filed a return declaring he returned possession of the premises to Heritage "by removing [Khan's] belongings."

By the time Khan returned from his trip, most of his belongings left outside the building had been stolen or vandalized. He moved to set aside the default judgment. The small claims court denied the motion. Khan appealed the action to the district court. The district court affirmed the ruling of the small claims court.

Khan subsequently filed this cause of action in district court. He claimed Heritage wrongfully evicted him and negligently allowed his property to be vandalized or stolen. Heritage filed a motion for summary judgment. The district court granted the motion on two grounds. It held as a matter of law that the doctrine of claim preclusion barred further litigation by Khan. It also found Heritage owed Khan no legal duty to care for his property.

On appeal Khan maintains the district court erred by granting the summary judgment motion. He claims the law precluded him from adjudicating his damage claim in the forcible entry and detainer action. Furthermore, he argues the law should impose a duty on a landlord to use reasonable care to deliver property to a tenant following an eviction.

## I. Standard of Review

We review a summary judgment ruling for errors at law. *See Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Farmland Mut. Ins. Co.*, 568 N.W.2d 815, 817 (Iowa 1997). Summary judgment may be entered if the record shows "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Id.;* Iowa R. Civ. P. 237(c). Thus, we must determine whether a genuine issue of material fact exists and whether the court correctly applied the law. *See Schuver v. E.I. Du Pont de Nemours & Co.*, 546 N.W.2d 610, 612 (Iowa 1996). We view the facts in the light most favorable to the party opposing the motion for summary judgment. *See Shriver v. City of Okoboji*, 567 N.W.2d 397, 400 (Iowa 1997). When the conflict in the record concerns only the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *See Thompson v. City of Des Moines*, 564 N.W.2d 839, 841 (Iowa 1997).

## II. Claim Preclusion

Res judicata encompasses both issue and claim preclusion. *See Bagley v. Hughes A. Bagley, Inc.*, 465 N.W.2d 551, 553 (Iowa App.1990). Res judicata in the sense of claim preclusion means further litigation on the claim is barred. *See Iowa Coal Mining Co. v. Monroe County*, 555 N.W.2d 418, 441 (Iowa 1996). Res judicata in the sense of issue preclusion means further litigation on a specific issue is barred. *Id.* Claim preclusion differs from issue preclusion, and, unlike issue preclusion, the adjudication of a claim in small claims court can have a preclusive effect within the regular jurisdiction of the

1. Khan left a note with the manager of the apartment complex the day prior to the forcible entry and detainer hearing, informing him he would be out of town for a period of time, together with a money order in an amount in excess of the past due rent. The manager advised the court at the eviction hearing she did not intend to accept the payment, and returned the money order to Khan.

district court. *Bagley*, 465 N.W.2d at 554. Conversely, an issue adjudicated in a small claims judgment does not have preclusive effect in a case within the regular jurisdiction of the district court. *Id.* at 553. We have observed:

> Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial. The adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination. A party must litigate all matters growing out of his claim at one time and not in separate actions.

*Id.*

Originally, forcible entry and detainer actions could not be brought with any other action except for the collection of rent, nor could it be made the subject of a counterclaim. *See Palmer v. Tandem Management Servs., Inc.*, 505 N.W.2d 813, 815 (Iowa 1993). These restrictions were created in order to provide a speedy remedy in possession of real property actions free of the diverting and time-consuming litigation of unrelated lawsuits. *Id.* (citing *Votruba v. Hanke*, 202 Iowa 658, 210 N.W. 753 (1926)). The legislature, however, later listed some limited exceptions to this general prohibition in section 648.19 to enable some landlord/tenant disputes involving the same subject matter to be settled at one time. *Id.* at 816. Significantly, however, the general prohibition against other actions in section 648.19 unrelated to the forcible entry and detainer case and the recovery of rent was left unaffected. *Id.;* see Iowa Code § 648.19 (provides the exceptions to the bar on joinder of claims and counterclaims).

In this case, Khan could not have brought a counterclaim for damages to personal property based upon negligence of the landlord in the forcible entry and detainer action because of section 648.19. This claim is not a recognized exception under section 648.19. Consequently, Khan is not now precluded from raising his negligence claim against Heritage. Notwithstanding, the eviction proceeding adjudicated the rights of the parties to obtain an eviction, and Khan is precluded from further litigation of that issue.

### III. Duty of Care

It is a fundamental principle of tort law that a wrongdoer must owe a duty of care to an injured party before the law will permit redress against the wrongdoer for a claimed wrong. *Kelly v. Sinclair Oil Corp.*, 476 N.W.2d 341, 354 (Iowa 1991); *Engstrom v. State*, 461 N.W.2d 309, 315 (Iowa 1990). The source of this duty can be found in statutes or judicial decisions. *Engstrom*, 461 N.W.2d at 315. It may also be created by contract. *See AMCO Ins. Co. v. Stammer*, 411 N.W.2d 709, 713 (Iowa App.1987).

Khan claims Heritage had a duty under the terms of the written lease agreement to store property left in the apartment. We agree with Khan that the lease agreement included a clause which permitted the landlord to remove and store personal property of the tenant, but this clause was only activated upon abandonment of the premises by the tenant. The lease defined abandonment as an "unnotified absence exceeding fourteen (14) days."

Khan acknowledges he notified Heritage of his absence from the premises. Thus, assuming a lease agreement remains viable following a lawful eviction proceeding, the abandonment clause was inapplicable to the undisputed facts of the case. Moreover, the abandonment clause merely gave the landlord the contractual right to remove and store the personal property left by a tenant. It imposed no affirmative duty.

We next turn to our statutes to determine whether the legislature has imposed a duty on a landlord to care for a tenant's personal property left in the premises following an eviction proceeding. A comprehensive statutory scheme exists for a landlord to regain possession of a premises from a lessee who unlawfully detains the premises. This is commonly known as a forcible entry and detainer action. *See generally* Iowa Code ch. 648. If a landlord timely establishes a right to possession, after providing appropriate notices to the tenant, judgment may be entered for the removal of the tenant and placement

of the landlord in possession of the premises. Iowa Code § 648.22. This is accomplished by an execution for removal. *Id.* As with all writs, the county sheriff or deputies are required to execute the writ of possession and make the appropriate return to the court. *See id.* § 331.653(1). A landlord is prohibited from using self-help remedies to recover possession of a dwelling unit except in the case of abandonment or surrender. *Id.* § 562A.33. Absent abandonment or surrender of the premises, a landlord must comply with all statutory procedures. *Id.*

 Although our statutes require judicial oversight of the eviction process, no accompanying provisions exist defining the procedures for the sheriff or others to follow in actually taking possession of a premises from a tenant and returning it to the landlord. In particular, there are no statutory procedures which govern the removal of the tenants personal property from the premises during the eviction process. Consequently, the actual methods of removing tenants or their property from a dwelling unit can vary from case to case, as can any involvement or assistance of the landlord in the process. Of course, a court order to remove a tenant from a premises and to deliver possession of the premises to the landlord may reasonably imply the removal of both the tenant and the tenants personal property located within the premises. *See Christensen v. Hoover,* 643 P.2d 525, 528 (Colo.1982). Notwithstanding, our law clearly contemplates that a judicial officer is to carry out the eviction order of the court. More importantly, there is no statutory duty imposed on a landlord to care for any personal property located in the premises after eviction has been ordered. Therefore, we turn to our companion legal principles and prior appellate decisions to determine the existence of any duty on the landlord.[2]

Although we face an issue of first impression in Iowa, we observe other jurisdictions have addressed the issue. Generally they have been slow to impose a duty of care on the landlord. *See Christensen,* 643 P.2d at 528 (holding curbside drop of tenants proper-

ty permissible even though theft will likely result); *McCready v. Booth,* 398 So.2d 1000, 1001 (Fla.Dist.Ct.App.1981) (stating landlord had no duty to store or maintain tenants property where sheriff removed tenants possessions and placed them on the street following valid eviction); *Banks v. Korman Assoc.,* 218 N.J.Super. 370, 527 A.2d 933, 934 (N.J.Super.Ct.App.Div.1987) (providing when tenancy is terminated by lawful eviction, landlord has no duty to care for property former tenant has left behind); *Campos v. Investment Management Properties, Inc.,* 917 S.W.2d 351, 354 (Tex.Ct.App.1996) (landlord did not convert tenants property and was not negligent by removing it and placing it on the front lawn of the building). Some states also have express statutory provisions authorizing the removal of an evicted tenants property by the sheriff. *See, e.g.,* Fla. Stat. Ann. § 83.62 (West 1997); Mass. Gen. Laws Ann. ch. 239, § 4 (1997); Tex. Property Code Ann. § 24.0061 (West Supp.1998); *see also* Robert F. Fitzpatrick Jr., *The Development of Massachusetts Law Governing the Disposition of Evicted Tenants Property,* Suffolk U.L.Rev. 1109 (1991).

While we generally agree a landlord has no duty to store or maintain a tenants personal property after a tenant has been lawfully evicted, our analysis of the issue ultimately hinges on the impact of our law of bailment. We therefore turn to this body of law to determine the existence of a duty of care under the facts of this case.

 A bailment occurs when personal property has been delivered by one person, the bailor, to another, the bailee, for a specific purpose beneficial to the bailee or the bailor, or both, with the understanding the property will be returned to the bailor after the purpose has been accomplished. *Farmers Butter & Dairy Coop. v. Farm Bureau Mut. Ins. Co.,* 196 N.W.2d 533, 538 (Iowa 1972). Generally, a bailment is based on an expressed or implied agreement. *Id.* However, it can also arise by operation of law when justice requires. *See* 8A Am.Jur.2d *Bailments* § 8 (1997). Thus, when a person

---

**2.** The sheriff is not a party to the case and we need not decide the existence of any duty of care owed by the sheriff.

comes into lawful possession of personal property of another without an underlying agreement, the possessor may become a constructive bailee. *Id.*

■ Once a bailment is established, the law imposes specific duties upon bailees to care for the bailor's property while it is in their possession. The degree of care required to be exercised by a bailee depends upon the type of bailment.[3]

■ A pivotal element in the creation of a bailment is delivery. Although delivery may be either actual or constructive, there must be a transfer of possession and control of the property to the bailee. *See Christensen,* 643 P.2d at 528; see *also Sgro v. Getty Petroleum Corp.,* 854 F.Supp. 1164, 1174–75 (D.N.J.1994). Thus, if a landlord assumes possession and control of a tenant's personal property after the court has issued the writ to remove the tenant, a bailment may be created which could subject the landlord to liability for damages to the tenant's property.[4] *Christensen,* 643 P.2d at 528.

■ In this case, Heritage submitted evidence that the sheriff "removed Khan's belongings" from the apartment during the execution of the writ of possession. Although Khan alleged in his petition that Heritage may have removed his property, he offered no responsive evidence that the landlord took actual or constructive possession of the property, or even participated in the removal of the property from the apartment. Mere allegations in a petition are insufficient to withstand summary judgment once a motion for summary judgment is supported by evidence showing no genuine issue of material fact. Iowa R. Civ. P. 237(e). Thus, no evidence exists bailment was established.

■ Absent the creation of a bailment, we hold a landlord is not liable for damages for the manner in which a sheriff executes a

writ of possession. This includes the removal of the tenant's personal property in the course of a lawful eviction. *Christensen,* 643 P.2d at 528. Under the record submitted, the district court properly granted summary judgment.

In conclusion, we decline to impose a duty of care upon a landlord to protect or care for an evicted tenant's personal property where our legislature has chosen not to do so. Further, absent evidence that the landlord assumed possession or control of the personal property of an evicted tenant, our law imposes no duty upon the landlord to store or otherwise care for the property.

**AFFIRMED.**

CADY, C.J., and STREIT, J., concur.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring).

I concur specially. I concur with the majority that plaintiff's negligence claim is not barred by issue or claim preclusion. Plaintiff, in resisting defendant's motion for summary judgment, has failed to advance sufficient facts to support a cause of action. For this reason, I would affirm.

---

3. There are three types of bailment: (1)those for the sole benefit of the bailor, (2)those for the sole benefit of the bailee; and (3)those for the mutual benefit of both. *Farmers Butter & Dairy Co-op. v. Farm Bureau Mut. Ins. Co.,* 196 N.W.2d 533, 538 (Iowa 1972);8A Am. Jur. 2d *Bailments* § 8(1997). With each type, the law imposes specific duties upon both the bailor and the bailee.

4. Distraint for rent has been abolished in Iowa. *See* Iowa Code § 562A.31 (1997). This means a

landlord cannot lawfully hold a tenant's personal property for security purposes. Thus, a gratuitous bailment would typically be created if a landlord took possession of property left by a tenant following an eviction. The landlord would typically be considered to be an involuntary bailee. Generally, the law requires an involuntary bailee to use only minimal care toward the property and is usually liable for damage if any gross negligence or bad faith is found.