# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1157
Filed April 1, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Guy Christopher Johns,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Buena Vista County,
The Honorable Andrew Smith, Judge.

———————————

**AFFIRMED**

———————————

Christopher Kragnes Sr., Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

After being evicted from the mobile home lot he rented, Guy Johns moved some of his personal belongings out of his mobile home. But he left behind eleven dogs and never returned. Seven days later, complaints of barking coming from the mobile home led to law enforcement being called.

A law enforcement officer and representatives of an animal shelter and veterinary clinic arrived on the scene. Due to the aggressive nature of two of the dogs in the mobile home, those dogs had to be sedated before anyone could go inside. Once inside, the officer discovered five puppies and three adult dogs loose in the mobile home. Two other adult dogs were confined to a single kennel. The remaining adult dog was dead and had been partially eaten by the other dogs. There was no food or water accessible to any of the dogs.

The State charged Johns with four counts of animal neglect in violation of Iowa Code section 717B.3 (2022) and four counts of abandonment of dogs in violation of Iowa Code section 717B.8. Following a bench trial, the court found Johns guilty of all eight counts, either as charged or as lesser-included offenses.

Johns appeals. He contends: (1) the evidence was insufficient to establish that he failed to provide adequate food and water to the dogs; (2) the evidence was insufficient to prove he had ownership or custody of the dogs; and (3) the evidence was insufficient to negate the exception to abandonment found in Iowa Code section 717B.8(2)(a).

## I.     Standard of Review

We review challenges to the sufficiency of evidence for the correction of errors at law. *State v. Lindaman*, 30 N.W.3d 547, 554–55 (Iowa 2025). In

conducting such review, a jury verdict binds us if it is supported by substantial evidence. *Id.* at 555. The same binding effect applies to the district court's factual findings in a bench trial. *State v. Hawkins*, 27 N.W.3d 562, 567–68 (Iowa 2025). Substantial evidence is "evidence that would convince a rational factfinder the defendant is guilty beyond a reasonable doubt." *Id.* at 568. In assessing whether substantial evidence supports the determination of guilt, we view the evidence in the light most favorable to the verdict, including all inferences and presumptions that can be fairly drawn from the evidence. *Id.*

## II.    Analysis

We address each of Johns's sufficiency challenges in turn.

### A.    Adequate Food and Water

For each of the four counts of animal neglect, the State was required to prove that Johns failed to provide the dogs with "[a]ccess to food in an amount and quality reasonably sufficient to satisfy [their] basic nutrition level" or "[a]ccess to a supply of potable water in an amount reasonably sufficient to satisfy the animal's basic hydration level." *See* Iowa Code § 717B.3(1)(a), (b). Johns contends the State failed to establish either of these facts.

Viewing the evidence in the light most favorable to the district court's finding of guilt, we reject Johns's contention. A rational factfinder could conclude from the evidence that, after he was evicted from the mobile home lot, Johns removed personal items from his mobile home on September 25, 2022, and never returned. He did not take the dogs with him nor did he arrange for their care. When law enforcement and others arrived on October 2, there was no food or water accessible to the dogs in the mobile

home. One of the dogs was dead and had been partially eaten by the other dogs. Evidence established that dogs do not eat each other except as a last resort, which further supports the conclusion that inadequate food and water was left for the dogs in the mobile home. And, by Johns's own testimony, he only left enough food and water to last the dogs two days even though he had no plan to return to the mobile home and had not arranged for others to care for the dogs.

In short, a rational factfinder could conclude beyond a reasonable doubt that Johns failed to provide adequate food and water for the dogs, so substantial evidence supports the district court's finding of guilt on the four counts of animal neglect.

### B.    Ownership or Custody of the Dogs

The crimes of animal neglect and abandonment of dogs both require proof that the defendant was the owner or had custody of the dogs. *See id.* §§ 717B.3(1), .8(1). Johns claims the State failed to prove this element because, once he was evicted, he no longer owned or had custody of the dogs.

The crux of Johns's claim is that once he was evicted, the dogs became the responsibility of the mobile home park owner, especially after Johns told the judicial officer presiding at his eviction hearing that he didn't have the financial ability to take the dogs with him. Johns's claim fails factually and legally.

Factually, the evidence establishes that no one affiliated with the mobile home park agreed to take responsibility for the dogs. The evidence also establishes that Johns was evicted from the mobile home lot that he rented, not from his mobile home that remained on that lot, and a notice posted on the door of his mobile home stated that Johns could enter the

4

mobile home park with prior permission from the owner or manager. Johns never attempted to gain such permission in order to care for the dogs. In fact, the evidence establishes that Johns had no intention of caring for his dogs after he left on September 25.

Legally, the eviction did not foist responsibility for the care of Johns's dogs on the mobile home park owner. Our court has declined

> to impose a duty of care upon a landlord to protect or care for an evicted tenant's personal property where our legislature has chosen not to do so. Further, absent evidence that the landlord assumed possession or control of the personal property of an evicted tenant, our law imposes no duty upon the landlord to store or otherwise care for the property.

*See Khan v. Heritage Prop. Mgmt.*, 584 N.W.2d 725, 730 (Iowa Ct. App. 1998). No evidence was presented that the mobile home park owner assumed possession or control of the dogs by evicting Johns from the lot. Further, the Code provides for an option that would have given Johns reasonable access to the mobile home even after the eviction judgment. Iowa Code section 648.22A(1) allowed the parties to agree to leave Johns's mobile home on the lot from which he was evicted for sixty days. During that sixty days, section 648.22A(2) would give Johns reasonable access to the mobile home to remove any personal property, which would include his dogs. The evidence establishes that Johns made no effort to pursue this option—nor any other—to take care of his dogs.

Substantial evidence supports the district court's findings that Johns remained the owner and custodian of the dogs after he was evicted from the mobile home lot. So Johns's sufficiency challenge based on lack of ownership or custody of the dogs fails.

### C. Statutory Exception to Abandonment

The statute prohibiting abandonment of dogs provides an exception when the dogs are delivered "to another person who will accept ownership and custody of the . . . dog[s]." Iowa Code § 717B.8(2)(a). Johns contends this section applies to negate his criminal culpability for the four counts of abandonment of dogs. In support of his contention, Johns repeats the same arguments that his eviction somehow created an obligation of the mobile home park owner to take over ownership and responsibility for his dogs. We reject those arguments for the same reasons we previously rejected them in this opinion. The State presented uncontroverted evidence that no other person accepted ownership or custody of the dogs. Therefore, substantial evidence supports the district court's determination that the exception to abandonment found in section 717B.8(2)(a) did not apply. Accordingly, we reject Johns's challenge.

## III. Conclusion

All three of Johns's challenges to the sufficiency of the evidence fail. As a result, we affirm his convictions.

**AFFIRMED.**