LILES, Chief Judge.
Plaintiffs, appellees here, brought suit in the trial court to quiet title to the following described property in Hillsborough County, Florida, to-wit:
The North 33.7 feet of the South 4S.7 feet of the North J4 of the NE (4 of the SW .14 of Section 2, Township 27 South, Range 17 East.
The judge, 'without jury, heard the extensive testimony and entered his final decree in favor of the plaintiffs and declared them to be owners of the property herein-above described. Defendants on appeal claim that the trial court erred by failing to rule that plaintiffs’ deed was cham-pertous; by allowing the admission of plaintiffs’ survey into evidence; by denying defendants’ motion for summary decree; and by failing to find that defendants had established title by adverse possession or acquiescence; and by failing to find the existence of boundary by agreement.
Lands located in Hillsborough County were surveyed by the U.S. Government Land Office during the 1840’s. It appears that Section 2 wherein the land in dispute is located was an oversized section and therefore as was the established practice the overage was thrown to the north and to the west. Thus, the northwest '14 of Section 2 is larger than the southwest 14 and the 14 mile corners are not equidistant between the north and south boundaries of Section 2.
In 1911 one F. Cooper recorded a plat called Ridgeland Subdivision which contained most of the northwest j4 of Section 2. However, the land in dispute was not a part of the Ridgeland Subdivision. Apparently, Cooper failed to consider that Section 2 was oversized and therefore the plat shows the northwest 14 and the southwest 14 as being equal in size, when actually the northwest X/4 is larger. In 1925 the property was again surveyed and these surveyors established the southwest corner of Section 2. This corner has been acknowledged as a correct point by surveyors to the present time.
In 1911 J. W. Fulford acquired title to the north of the northeast 14 of the southwest 14 of Section 2. This is the property now owned by the appellees, except for the south 12 feet and except for the *661 north 266 feet thereof. About 1914 the south of the northeast 14 of the southwest 14 was acquired by one C. B. Williamson. At about this time a fence was erected by J. W. Fulford approximately on a line between the Fulford and Williamson property as shown by the subdivision plat. In 1948 the Williamson property passed to the defendant, Forrest O. Hobbs. Between 1948 and the filing of this suit several surveys were made in this section all of which were made in conformity with the Ridgeland Subdivision plat. In 1960 the defendants purchased from Edna Mae Fulford the south 12 feet of the north 54 of the northeast 14 of the southwest 54 of Section 2. However, they failed to have this 12 foot strip surveyed. In 1964 plaintiffs purchased the property known as the Fulford property less the north 266 feet and less the south 12 feet which had been purchased by the defendants. Subsequent to the purchase of the Fulford property by plaintiffs, said land was surveyed by one T. E. Kaney. This survey, which was based upon the government survey, was different from the surveys made since the recording of the Ridgeland Subdivision plat and the land described above fell into dispute. Suit to quiet title followed, resulting in this appeal.
The first issue raised by defendants alleges a champertous conveyance. This was not raised as a defense anywhere in the trial of this cause and comes to us for the first time in this appeal. Therefore, it is waived. See Rule 1.140(h), Fla.R.Civ. P., 30 F.S.A. However, we believe that a boundary dispute such as the one presently before us is not such a dispute as would fall within the purview of the rule against champertous conveyances. See Fla.Jur. Champerty and Maintenance, § 10 (1955).
The next issue raised by appellants concerns the various surveys. It becomes apparent after reading the record that the surveyors relied on by the defendants utilized the Ridgeland Subdivision plat in making their surveys. This plat was not in conformance with the original government survey and did, in fact, portray lands, including the land in question, that were not located in the subdivision. We find that the trial court was correct in holding that the survey of the plaintiffs’, based on the original government survey, should dominate over the surveys of the defendants; and we find that its admission into evidence was not error.
“Surveys, either private or governmental, are ordinarily made according to' the United States government survey system, and where a government survey exists the subsequent private surveys should be tied in to a government corner or section marker, if possible. * * *
“Since the original governmental survey, as actually made, controls, government corners are conclusive if they can definitely be established. 3 Fla.Law and Prac.Boundaries § 10 at 237 (1956). See Stapp v. Commander, 1 Fla.Supp. 184 (1952).
The trial court’s order denying appellants’ motion for summary decree is eminently correct. From a reading of the affidavits of both parties it becomes clear that there were many disputes of material fact.
The last point for our consideration is the failure of the trial judge to find for the defendants on the grounds of either adverse possession or acquiescence or agreement. It should be remembered that the final decree comes to us clothed in the presumption of correctness. The judge heard all the testimony, examined all the exhibits, took testimony in the homes of some of the witnesses, heard the testimony of the surveyors, and made his finding. The appellants have shown us nothing that would justify disturbing his decree.
For the foregoing reasons, we affirm.
PIERCE and HOBSON, JJ., concur.