206 So.2d 62 (1968)
Cornelius ZWAKHALS and Sallie Zwakhals, His Wife, Appellants,
v.
Anna E. SENFT, Appellee.
No. 820.
District Court of Appeal of Florida. Fourth District.
January 22, 1968.
*63 Shepard Lesser, of Lesser & Lesser, West Palm Beach, for appellants.
John W. Bellamy, of Malspeis & Bellamy, North Miami, for appellee.
McCAIN, Judge.
Appeal is brought by Cornelius and Sallie Zwakhals, plaintiffs in ejectment, from a summary final judgment in favor of defendant, Anna E. Senft. We reverse.
The land in question is located along the section line between sections 11 and 12 of Township 45 South, Range 42 East in Palm Beach County. The controversy arises because the description in the deeds of plaintiffs and the defendant apparently overlap. Defendant's property purports to be within section 11 but is specifically described by courses and distances from a starting point on the east section line located as being 678.52 feet south of the northeast corner of section 11, which corner the deed also describes as lying 2,652.23 feet west of the centerline of the Military Trail. Plaintiffs are grantees of a tract described as the "West half of the Northwest quarter of the Northwest quarter of Section 12, Township 45 South, Range 42 East, according to the plat thereof on file in the office of the Clerk of the Circuit Court in and for Palm Beach County, Florida."
The problem arises because the plat of section 12, referred to in plaintiffs' deed, locates the northwest corner of the section, and hence the northeast corner of section 11, at Butler's stake. Butler's stake is shown to be some 3,114 feet west of the Military Trail. It is apparent that if plaintiffs' property is as described in the plat and defendant's is as located with reference to a starting point some 462 feet within the plat then there is an overlap.
Prior to the summary judgment leading to this appeal plaintiffs had won a final judgment in ejectment against the defendant. That judgment was based on other proceedings which need not be detailed for a proper disposition of this case. The trial court vacated that final judgment and the record supports the court's action, thus disposing of one of plaintiffs' points on appeal. In the order of vacation, however, the trial judge stated that the proper location of the section line between sections 11 and 12 was determined by the government survey of 1872 and that the common corner of sections 11 and 12 was 2,652.23 feet west of the Military Trail.
Following the vacation of the judgment, issue was joined on plaintiffs' original complaint and the answer of defendant. The court then granted defendant's motion for summary judgment, holding that there were no issues of fact inasmuch as the court's order of vacation had determined the question. This appeal followed.
The procedure for vacating judgments under Rule 1.38 (now 1.540), F.R.C.P., 31 F.S.A., does not contemplate disposition on the merits. Fact finding in such a proceeding is limited to those facts necessary to a disposition of the motion for relief and does not extend to a finding on the actual substantive issues in the cause. The effect is to return the parties to the position they occupied before the judgment was entered. Adelhelm v. Dougherty, 1937, 129 Fla. 680, 176 So. 775; 30A Am. Jur., Judgments, §§ 724, 726. The court, therefore, committed error in holding that *64 its order vacating judgment was dispositive of the issues created by the pleadings.
Moreover we are unable to determine from the government survey alone that the disputed corner is 2,652.23 feet west of the Military Trail. In fact the Military Trail is not located on the government survey. Although the trial judge was quite correct in saying that the true location of the corner and section line is established by the government survey rather than located by the plat of section 12, Carlton v. Central & Southern Florida Flood Control District, Fla.App. 1966, 181 So.2d 656, where the government survey itself does not clearly show the location of the corner with reference to the Military Trail it would be improper for the court to so locate it absent a proper hearing and other proofs. Upon remand a resurvey based upon the original government survey would be admissible to show the true location of the corner with reference to the Military Trail, Hobbs v. Woodward, Fla.App. 1967, 203 So.2d 659, and if the 1912 plat of section 12 is in error such a resurvey would dominate surveys based on the erroneous plat. Hobbs v. Woodward, supra. But defendant has not presented such a resurvey in support of her motion for summary judgment so as to conclude the question of the location of the corner. The resolution of that issue must therefore await trial.
But even if the true location of the common corner is 2,652.23 feet west of the Military Trail, summary judgment was still improper. The very essence of the dispute is that both plaintiffs' and defendant's deeds contain conflicting calls, and when these descriptions are given permissible constructions, the properties so described overlap. The deed to plaintiffs purports to be for a portion of section 12. If the deed had stopped there plaintiffs' property would be bounded by the true location of the section line. But the deed goes on to convey the land in section 12 according to the recorded plat. The plat then becomes as much a part of the description as if it were actually copied in the deed. Wahrendorff v. Moore, Fla. 1957, 93 So.2d 720; Burkart v. City of Fort Lauderdale, Fla.App. 1963, 156 So.2d 752. Accordingly plaintiffs' deed would seem to convey land to them all the way to Butler's stake or some 462 feet beyond the boundary of the defendant's land as described in her deed. Similarly it is not clear whether defendant's deed conveys property located with its corner being, by reference, a specific distance from Military Trail, or located with its corner being that as established from the government survey, if in fact such corner is not the same as that described through the distance reference. Although the true boundaries of the sections were established, rather than merely located, by the government survey, Mexico Beach Corporation v. St. Joe Paper Company, Fla.App. 1957, 97 So.2d 708, it is not clear that the lands involved were intended to be conveyed with reference to the government survey. We are also confronted with the rule that where, as here, there is a conflict in the calls of a deed, that controls which is more specific and less likely to be in error. Newsom v. Pryor's Lessee, 1822, 7 Wheat. 7, 5 L.Ed. 382; Hardee v. Horton, 1925, 90 Fla. 452, 108 So. 189, cert. den. 273 U.S. 714, 47 S.Ct. 107, 71 L.Ed. 854; 12 Am.Jur.2d, Boundaries, § 64; 4 Fla.Jur., Boundaries, § 13. The various rules for resolving conflicting and ambiguous calls in a deed are but manifestations of the underlying rule that the prevailing consideration is the intention of the grantor. Hardee v. Horton, supra; 12 Am.Jur.2d, Boundaries, § 64; 10 Fla.Jur., Deeds, § 143.
Both plaintiffs and defendant derive their title through common grantors. Plaintiffs purchased directly from a couple named Rabun while defendant's chain of title can be traced to the Rabuns. Thus the issues in this case become centered primarily on the intention of the grantors of plaintiffs and the defendant. It must be initially discovered whether the parties' grantors intended to sell their property according *65 to the original survey or according to the more specific calls in the deeds. If it is determined that the lands intended to be described do in fact overlap then the question becomes one of priority traced back to the Rabuns. If the intent was to convey with reference to the section lines as established by the government survey then the properties do not overlap and the true location of the section line is determinative of the rights of the parties.
Resolution of the above issues would of course be subject to any proper pleading and proof of rights acquired by adverse possession.
Defendant certainly has not demonstrated an absence of triable issues, Holl v. Talcott, Fla. 1966, 191 So.2d 40, and entry of summary judgment was error. Accordingly we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
CROSS, J., and DRIVER, B.J., Associate Judge, concur.