997 So.2d 1232 (2008)
SPS CORP. and Great American Insurance Company, Appellants,
v.
KINDER BUILDERS, INC., Appellee.
No. 3D08-588.
District Court of Appeal of Florida, Third District.
December 31, 2008.
*1233 Carlton Fields and Matthew J. Conigliaro, St. Petersburg; Carlton Fields and Daniel R. Vega, Miami, for appellants.
Smith, Currie & Hancock and Brian A. Wolf and Jason D. Katz, Fort Lauderdale, for appellee.
Before GERSTEN, C.J., and WELLS and LAGOA, JJ.
LAGOA, J.
SPS Corporation ("SPS") and Great American Insurance Company ("Great American") appeal an order granting Kinder Builders, Inc.'s ("Kinder") motion for relief from the trial court's order dismissing Count II of Kinder's complaint with prejudice pursuant to Florida Rule of Civil Procedure 1.540(b)(2). As discussed below, we affirm that portion of the trial court's order granting the Rule 1.540(b)(2) motion. However, we reverse that portion of the trial court's order making a factual finding that privity of contract existed between Kinder and SPS based on SPS and Exterior's 2000, Inc.'s ("Exterior") common identity.

I. FACTUAL AND PROCEDURAL HISTORY

Great American issued a payment bond to SPS, a subcontractor on a public construction project. The bond provided, in pertinent part, coverage for entities having a direct contract with SPS. SPS entered into a subcontract with Exterior for performance of work. Exterior, in turn, entered into a subcontract with Kinder. When Exterior failed to pay Kinder, Kinder filed a three-count complaint against SPS, Exterior, and Great American.[1] At issue in this appeal is Count II of Kinder's complaint, which asserts a claim against SPS and Great American under the payment bond issued by Great American. Great American and SPS successfully moved to dismiss this claim with prejudice, arguing that Kinder could not recover pursuant to the bond because Kinder had no valid lien rights and was not in privity of contract with SPS.
Almost a year after entry of the dismissal order, Kinder filed a motion pursuant to Rule 1.540(b)(2), to vacate the dismissal based on newly discovered evidence. In its motion, Kinder argued that it had a proper claim against the bond because new evidence showed that SPS and Exterior had a common identity, and therefore, Kinder was in privity of contract with SPS. Following a hearing at which the trial court considered affidavits and deposition testimony, the trial court granted the Rule 1.540(b)(2) motion and further found that a privity of contract existed between Kinder and SPS based on SPS and Exterior's common identity.

II. ANALYSIS

With respect to the trial court's order granting Kinder's Rule 1.540(b)(2) motion based on newly discovered evidence, we affirm the trial court's order. Pursuant to Rule 1.540(b)(2), the trial *1234 court may relieve a party from a final order based on "newly discovered evidence which by due diligence could not have been discovered in time to move for ... rehearing." The effect of this portion of the trial court's order is to return the parties to the same position where they were prior to the dismissal of Count II.
A review of the record shows that the trial court did not abuse its discretion in finding that Kinder demonstrated due diligence in discovering new evidence as to the alleged relationship between SPS and Exterior, and in concluding that this evidence would probably have changed the result of the ruling on the dismissal motion.[2]See Bakalarz v. Luskin, 560 So.2d 283, 286 (Fla. 4th DCA 1990); see also LPP Mortgage Ltd. v. Bank of Am., N.A., 826 So.2d 462, 463-64 (Fla. 3d DCA 2002) ("Whether relief should be granted pursuant to Rule 1.540 is a fact specific question and the trial court's ruling should not be disturbed on appeal absent a gross abuse of discretion.").
We reverse, however, that portion of the trial court's order specifically finding, on the merits, that privity of contract exists between Kinder and SPS as a result of the alleged common identity between SPS and Exterior. Such a finding on the merits is not properly determined on a Rule 1.540(b) motion. The procedure for vacating judgments under Rule 1.540 "does not contemplate disposition on the merits. Fact finding in such a proceeding is limited to those facts necessary to a disposition of the motion for relief and does not extend to a finding on the actual substantive issues in the cause." Zwakhals v. Senft, 206 So.2d 62, 63 (Fla. 4th DCA 1968). Indeed, "[w]hen a court vacates a judgment pursuant to a rule 1.540 motion, the effect of that ruling is to return the case and the parties to the same position that they were in before the court entered the judgment." Bane v. Bane, 775 So.2d 938, 941 (Fla.2000); see also Jahnke v. Jahnke, 804 So.2d 513, 516 (Fla. 3d DCA 2001). Because we conclude that the trial court improperly ruled on the merits of the common identity privity issue, we reverse that portion of the order specifically making that finding.
For the foregoing reasons, we affirm the trial court's order granting Kinder's Rule 1.540(b) motion for relief from the trial court's order dismissing Count II of the complaint with prejudice. We reverse and remand, however, with instructions to delete from the trial court's order the finding that privity of contract exists between Kinder and SPS as a result of common identity.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
NOTES
[1] Count I asserts a breach of contract claim against Exterior and Count III asserts an unjust enrichment claim against SPS. As Exterior did not respond to Kinder's complaint, Kinder sought and the trial court granted a final judgment against Exterior as to Count I.
[2] In so holding, we express no opinion on the issue of whether the common identity concept is applicable to this case. See Aetna Cas. & Sur. Co. v. Buck, 594 So.2d 280 (Fla.1992). Since the trial court has granted Kinder's motion to file an amended complaint, the parties may raise that issue in a properly filed motion.