# Third District Court of Appeal

## State of Florida

Opinion filed December 22, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0583
Lower Tribunal No. 17-20104
_____

**Olga Agurcia Vasquez,**
Appellant,

vs.

**Emilio Martin Nadra,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Andreu, Palma, Lavin & Solis, PLLC, and Carlos Cruanes, for appellant.

Falk, Waas, Hernandez, Solomon, Mendlestein & Davis, P.A., and Shawn J. Davis and Jessica M. Hernandez, for appellee.

Before SCALES, LINDSEY and MILLER, JJ.

SCALES, J.

Appellant Olga Agurcia Vasquez appeals the trial court's February 2, 2021 order denying her January 8, 2021 Florida Rule of Civil Procedure 1.540(b)(1) motion. Vasquez's motion, alleging excusable neglect, sought to vacate the trial court's September 9, 2020 order *sua sponte* dismissing Vasquez's complaint, without prejudice, for failure to timely effectuate service on appellee Emilio Martin Nadra (the "Dismissal Order"). In addition to adjudicating Vasquez's motion, the challenged February 2, 2021 order also contains the following provision: "The case is dismissed With Prejudice."

As we lack a transcript of the trial court's February 2, 2021 hearing on Vasquez's motion, we are unable to determine whether the trial court abused its discretion in denying Vasquez's motion and are therefore compelled to affirm that portion of the challenged order denying Vasquez's rule 1.540(b)(1) motion. Bank of NY Mellon v. One Seagrove Place Owners Ass'n, 276 So. 3d 486, 487 (Fla. 1st DCA 2019).

We quash, though, that portion of the trial court's February 2, 2021 order that alters the disposition of the Dismissal Order. While Vasquez's rule 1.540(b)(1) motion provided the trial court with *limited* jurisdiction to address the motion's merits, the filing of this motion did not authorize the trial court both to deny the motion *and to* modify its prior dismissal order by changing

2

the order from a dismissal without prejudice to one with prejudice. <u>SPS Corp. v. Kinder Builders, Inc.</u>, 997 So. 2d 1232, 1234 (Fla. 3d DCA 2008) (holding that "a finding on the merits is not properly determined on a Rule 1.540(b) motion").[1]

Vasquez also urges us to review, in the first instance, the trial court's Dismissal Order on a voidness ground that was not raised in Vasquez's rule 1.540(b) motion. Specifically, although the trial court's Dismissal Order states that it was entered "after prior notice/Order to serve," Vasquez argues in this appeal that she received no prior notice of the trial court's dismissal, and therefore, the Dismissal Order is void for lack of notice. <u>See</u> <u>Carter v. Mendez</u>, 139 So. 3d 984, 985 (Fla. 4th DCA 2014); <u>Alvarez v. U.S. Sec. Ins. Co.</u>, 650 So. 2d 707, 707-08 (Fla. 3d DCA 1995). While case law suggests that a party may raise a "void for lack of due process" claim at any time, including, for the first time, on appeal, <u>see</u> <u>O'Brien v. Fla. Birth-Related Neurological Injury Comp. Ass'n</u>, 710 So. 2d 51, 52 (Fla. 4th DCA 1998), we decline to address Vasquez's claim that the Dismissal Order is void for lack of notice. That determination necessarily involves the resolution of the

---

[1] We recognize that our quashing this portion of the trial court's February 2, 2021 order probably is academic. Vasquez may be prevented from refiling this case because, according to Vasquez, the statute of limitations on her cause of action has run.

factual issue of whether Vasquez was provided with the required notice prior to the court's entry of the Dismissal Order. The trial court is far better equipped than are we to make this determination if presented with a proper rule 1.540(b)(4) motion; thus, we express no opinion on the issue.

Our affirmance of that portion of the trial court's February 2, 2021 order denying Vasquez's rule 1.540(b)(1) motion is, therefore, without prejudice to Vasquez filing below, in a timely manner, an appropriate rule 1.540(b)(4) motion to allow the trial court, in the first instance, to address her voidness claim.

Quashed in part and affirmed in part, without prejudice to Vasquez filing an appropriate rule 1.540(b)(4) motion.