# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3079
Lower Tribunal No. 21-CA-003080

_____

NICKOLAOS G. BOURBOUS,

Appellant,

v.

TROPIC SUN PROPERTIES, LLC, NAJMI REALTY, LLC, and FRANK NAJMI,

Appellees.

_____

Appeal from the Circuit Court for Lee County.
James Shenko, Judge.

June 13, 2025

PER CURIAM.

Nickolaos Bourbous appeals a final judgment in favor of Frank Najmi, a/k/a Farhang Najmi, and a preceding order vacating a default final judgment against him. We affirm in part and reverse in part. We cannot disturb the trial court's vacatur ruling because a missing transcript hinders our review. *See Applegate v. Barnett Bank of Tallahassee,* 377 So. 2d 1150, 1152 (Fla. 1979). But we reverse the trial court's judgment in Najmi's favor because it violated Bourbous' due process rights.

Bourbous sued "Frank Najmi" and two companies he owned over a failed real estate transaction involving multiple properties in Lee and Charlotte Counties. Bourbous claimed that "Frank Najmi" and one of his companies had breached their obligations to buy every property subject to their agreement. He also sued "Frank Najmi" for fraud and deceptive trade practices in connection with the deal. After obtaining a default against "Frank Najmi," the matter proceeded to trial against Najmi's companies. The jury largely found in Bourbous's favor, but it awarded him no damages.

When Bourbous sought post-judgment relief against Najmi's other company by seeking to obtain "Frank Najmi's" interest in it, Bourbous and the trial court learned for the first time that "Frank Najmi" and "Fahrang Najmi" were the same person. The trial court allowed Bourbous to lien Najmi's interest in the company until Najmi satisfied the default judgment against him.

Najmi moved to set this default judgment aside under Florida Rule of Civil Procedure 1.540(b), alleging that Bourbous never served him properly and that he had procured the judgment by fraud because he sold the remaining properties at issue to another buyer before he sought default against Najmi. The trial court granted Najmi's motion. Even though it based its vacatur, at least in part, on a factual error,[1]

---

[1] The trial court mistakenly concluded Bourbous moved for default judgment after trial, as opposed to nine months beforehand.

we decline to disturb this ruling because without a transcript, we cannot conclude that the order "is not supported by the evidence or by an alternative theory." *See Applegate*, 377 So. 2d at 1152.

After setting aside the default final judgment, the trial court immediately entered a final judgment in Najmi's favor. Bourbous claims the trial court violated his due process rights by foreclosing his claims against Najmi by entering a final judgment without further proceedings. We agree.

We review de novo alleged violations of due process. *See Pavilion at Healthpark, LLC v. S.M.*, 403 So. 3d 517, 519 (Fla. 6th DCA 2025) (citing *Butler v. Brown*, 338 So. 3d 392, 393 (Fla. 5th DCA 2022)). "When a court vacates a judgment pursuant to a rule 1.540 motion, the effect of that ruling is to return the case and the parties to the same position that they were in before the court entered the judgment." *Bane v. Bane,* 775 So. 2d 938, 941 (Fla. 2000) (citing *Adelhelm v. Dougherty*, 176 So. 775, 777 (Fla. 1937)). "The procedure for vacating judgments under rule 1.540 does not contemplate disposition on the merits. Fact finding in such a proceeding is limited to those facts necessary to a disposition of the motion for relief and does not extend to a finding on the actual substantive issues in the cause." *SPS Corp. v. Kinder Builders, Inc.*, 997 So. 2d 1232, 1234 (Fla. 3d DCA 2008) (quoting *Zwakhals v. Senft,* 206 So. 2d 62, 63 (Fla. 4th DCA 1968)).

The trial court thus deprived Bourbous of the right to have his claims against Najmi decided on the merits by entering a void judgment in violation of his due process rights. *See Viets v. Am. Recruiters Enters., Inc*., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006). This error was harmful because Bourbous advanced several individual claims against Najmi. We thus reverse and remand for further proceedings.

AFFIRMED in part; REVERSED in part; and REMANDED.

TRAVER, C.J., and STARGEL and WOZNIAK, JJ., concur.


Trisha L. Ryan, of Lusk, Drasites & Tolisano, P.A., Cape Coral, for Appellant.

Christine F. Wright, of Wright Law Firm, P.A., Cape Coral, for Appellees.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED