**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0805-15T3

MARIA PULICE and FRANK PULICE,

    Plaintiffs-Appellants,

v.

GREEN BROOK SPORTS & FITNESS, L.L.C.,
d/b/a ECLIPSE SPORTS AND WELLNESS,
CHRISTIAN PACIFICO, and OSCAR CORTES,

    Defendants-Respondents.

_____

Argued telephonically February 1, 2017 —
Decided July 17, 2017

Before Judges Koblitz and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Somerset County, Docket No. L-
1424-14.

Eli L. Eytan argued the cause for appellants.

Paul J. Soderman argued the cause for
respondents.

PER CURIAM

The issue presented is whether the Law Division erred in

granting summary judgment to defendants Green Brook Sports &

Fitness, LLC, d/b/a Eclipse Sports and Wellness, Christian

Pacifico, and Oscar Cortes, dismissing plaintiffs Maria Pulice's and Frank Pulice's negligence complaint as a result of a waiver Maria signed releasing the health club from liability for injuries she incurred at the club.[1]  After reviewing the record in light of the contentions advanced on appeal, we affirm.

We view the facts from the record in the light favorable to plaintiff, the non-moving party.  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).  When plaintiff joined the health club, she signed a waiver and release stating,

> Members and member's guests shall hold the club harmless from any cost, claim, injury, damage, or liability incurred at the club. The club urges members and guests to obtain a physical examination from a doctor before using any exercise equipment or participating in any exercise classes. . . Members shall be responsible for any property damage or personal injury caused them, their family or their guests.
>
> [Emphasis added.]

Less than three months later, plaintiff was injured at the club when a ten-pound dumbbell fell on her face as her trainer, Oscar Cortes, whom she hired through the club, was handing it to her to

---

[1] Since Frank's claim is wholly derivative of his wife Maria's claim, we use the singular "plaintiff" throughout the balance of this opinion.  Our use of their first names is for ease of reference and we mean no disrespect.

perform an exercise.[2]  Plaintiff subsequently filed a negligence lawsuit against defendants.

Defendants, relying on the waiver, moved for summary judgment.  The motion was unopposed and was granted on July 24, 2015.  Plaintiff filed a motion for reconsideration contending that she did not oppose the summary judgment motion because she was under the impression that it had been adjourned, and wanted the court to consider her opposition to summary judgment.

At argument on September 18, Judge Thomas C. Miller stated he would reconsider the defense motion for summary judgment taking into account plaintiff's opposition.  Plaintiff claimed that she never received a full and accurate copy of the health club's waiver and release through discovery.  She argued that the waiver and release was ambiguous, and therefore defendants were not shielded from liability pursuant to Stelluti v. Casapenn Enters., 203 N.J. 286 (2010).

After argument, Judge Miller entered an order and issued a detailed written decision rejecting plaintiff's contentions and reaffirming the grant of summary judgment.  Enforcing the waiver and release clause, he relied upon our Supreme Court's reasoning in Stelluti:

---

[2] Cortes' explanation of the accident was never disclosed because he could not be located to be deposed.

> Although there is public interest in holding a health club to its general common law duty to business invitees--to maintain its premises in a condition safe from defects that the business is charged with knowing or discovering--it need not ensure the safety of its patrons who voluntarily assume the risk by engaging in strenuous physical activities that have a potential to result in injuries. Any requirement to so guarantee a patron's safety from <u>all</u> risk in using equipment, which understandably is passed from patron to patron, could chill the establishment of health clubs. . . . There has been recognized a "positive social value" in allowing gyms to limit their liability in respect of patrons who wish to assume the risk of participation in activities that could cause an injury.

[<u>Id.</u> at 311.]

Thus, the judge ruled that the waiver in question "is not ambiguous and unequivocally expresses that members agree to waive and release liability and hold the club harmless." The judge determined that health club members were clearly responsible for personal injury they incurred at the club based on the waiver's language: "Members shall be responsible for any property damage or personal injury caused them, their family or their guests." Lastly, the judge found that plaintiff's argument, that she was not provided with a clear or complete copy of the membership contract containing the waiver and release during the discovery period, was not a reason to deny defendants immunity. Plaintiff admitted at her deposition to signing the contract with the waiver and release, and a full

4

and complete copy with her signature was provided to her at argument. This appeal followed.

When reviewing a grant of summary judgment, we adhere to the same standard as the motion judge. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Thus, we consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Id. at 406 (quoting Brill, supra, 142 N.J. at 540). "If there is no genuine issue of material fact," an appellate court must then "decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted). We accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)).

With these principles in mind, we conclude that there is no reason to disturb Judge Miller's grant of summary judgment dismissing plaintiff's complaint. We also conclude that the judge properly granted defendants' summary judgment after considering plaintiff's opposition.

Plaintiff contends that Judge Miller misapplied Stelluti. Plaintiff relies upon Walters v. YMCA, 437 N.J. Super. 111, 113 117-19 (App. Div. 2014), where we determined that Stelluti did not apply to a liability waiver clause in a YMCA membership agreement when the personal injury claim was based upon a "negligently maintained stair tread" at a health club. Such reliance is misplaced, because in Walters, supra, we held that "whether a fitness center or health club can insulate itself through an exculpatory clause from the ordinary common law duty of care owed by all businesses to its invitees, was specifically not addressed or decided by the Court in Stelluti." 437 N.J. Super. at 115. Thus, the waiver and release clause in Stelluti pertaining to "the inherent risk of being seriously injured while engaging in strenuous physical exercise[,]" at a health club was distinct from the waiver addressed in our ruling in Walter. Id. at 119. Given that plaintiff's injury was the result of exercising with weights, we agree with Judge Miller's detailed and well-reasoned application of Stelluti to grant summary judgment to defendants.

Plaintiff also argues that if the waiver she signed insulates defendants from negligence, it does not insulate them from gross negligence under Stelluti. Although she acknowledges her complaint only alleges negligence, she requests that this court allow an amendment of the complaint to include a charge of gross

negligence. In support, plaintiff cites to Coastal Corp. Inc. v. Dryvit Systems Inc., 274 N.J. Super. 171 (App. Div. 1994) and Tomaszewski v. McKeon Ford, 240 N.J. Super. 404 (App. Div. 1990). We are not persuaded.

In both Coastal Corp. Inc. and Tomaszewski, the plaintiff's trial court motions to amend their complaints were denied and reversed on appeal. See Coastal Corp., Inc., supra, 274 N.J. Super. at 182; Tomaszewski, supra, 240 N.J. Super. at 412. Here, plaintiff never moved before the motion judge to amend her complaint to allege gross negligence. Because plaintiff's request to amend her complaint was not raised before the Judge Miller, we do not consider it on appeal because it does not "go to the jurisdiction of the trial court or concern matters of great public interest." Zaman v. Felton, 219 N.J. 199, 227 (2014) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Moreover, we conclude the argument that her injury was the result of defendants' gross negligence lacks merit. Gross negligence is defined as "conduct that comes somewhere between 'simple' negligence and the intentional infliction of harm, or, 'willful misconduct.'" Ivy Hill Park Section III v. Smirnova, 362 N.J. Super. 421, 425 (Law Div. 2003) (citing Clarke v. Twp. of Mount Laurel, 357 N.J. Super. 362, 369-70 (App. Div. 2003)). It requires "indifference to consequences," Banks v. Korman Assocs.,

218 <u>N.J. Super.</u> 370, 373 (App. Div. 1987), and may be equated with willful or wanton conduct.  <u>See</u> <u>Stelluti v. Casapenn Enters., LLC</u>, 408 <u>N.J. Super.</u> 435, 457 n.6, (App. Div. 2009), <u>aff'd</u> 203 <u>N.J.</u> 286 (2010).  Gross negligence has also been defined as "reckless disregard of the safety of others."  <u>In re Kerlin</u>, 151 <u>N.J. Super.</u> 179, 185 (App. Div. 1977) (citing <u>State v. Linarducci</u>, 122 <u>N.J.L.</u> 137 (Sup. Ct. 1939)).  Plaintiff does not point to any fact in the record that suggests that her injury was the result of gross negligence by defendants.

To the extent we have not addressed any of plaintiff's remaining issues, it is because they are without sufficient legal basis to merit further discussion in this opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION